## Cole *vs* Ross, &c.

APPEAL FROM THE GREENUP CIRCUIT.

*Construction of contracts. Damages.*

JUDGE SIMPSON delivered the opinion of the Court.

*June* 12.

THIS action of covenant was brought upon a writing, in which the defendants stipulated to pay to the plaintiff or order, three thousand three hundred and thirty three dollars thirty three cents, *payable* in good merchantable pig metal, delivered on the bank in Greenupsburg, at twenty nine dollars per ton.

When the writing became due, pig metal was worth considerably more than the stipulated price, and the obligors having tendered the money in place of the iron, which was refused by the plaintiff, the question is, whether this writing imports an imperative obligation to pay pig metal, or merely allows the obligors to pay it in pig metal or not, at their option.

The expression "*payable* in good merchantable pig metal," clearly points out the thing which is to be paid; it is not of the same import as the expression *may be paid* in pig metal. The latter, if used, would have implied an election to pay in the thing named or not, as it might suit the convenience of the obligors; the former, in direct and positive language, makes the amount payable in the thing specified, and shows that it was really a contract for pig metal, and not for money, which might be paid by the delivery of the article named; and that the sum mentioned was merely the medium by which the quantity of the thing contracted for was to be ascertained, according to its stipulated value per ton.

Case stated.

A covenant to pay$ 3,333 33, "*payable* in good merchantable pig metal," delivered, on the Bank in Greenupsburg, at $29 per ton, cannot be discharged by the payment of the $3,333 33 cents on the day appointed for payment. (2 *Bibb,* 584.)

There is no substantial difference between the writing sued on this case, and the one upon which the suit was brought in the case of *Matton* vs *Craig,* (2 *Bibb,* 584.) In the last named case, the note was for the payment of "eighty nine dollars, to be discharged in good merchantable brick, common brick at four dollars per thousand,

and sand brick at five dollars per thousand." The Court decided that the note was not for the payment of money but for the payment of brick.

The proper a-
mount of dam-
ges for failing to
deliver property,
is the value of
such property at
the time and
place fixed for
delivery.

It is the opinion of a majority of the Court, (Judge Graham dissenting,) that the note in this case was payable alone in pig metal, and could not be discharged by paying the sum mentioned in money. The doctrine is well settled, that for a breach of the contract in not delivering the thing sold, the proper measure of damages, is not the price stipulated in the contract, but the value of the property at the time of the breach. Consequently, if the pig metal were worth more than twenty nine dollars per ton, at the time it was to have been delivered by the contract, the plaintiff was entitled to the increased value, and the tender in money of the sum mentioned in the writing, did not meet the full extent of the defendant's liability upon the covenant.

The Circuit Court having decided upon a demurrer which prompted the question, that a tender of the money was a bar to the plaintiff's action, that decision is erroneous.

Wherefore, the judgment is reversed and cause remanded, that the plaintiff's demurrer may be sustained, and for further proceedings consistent with this opinion.

J. W. Davis and Apperson for appellant; J. & W. L. Harlan, McClung & Taylor for appellees.