WILLIAM GALLAND AND S. W. GALLAND v. E. J. LEWIS AND CHARLES HARVEY.

RETROSPECTIVE LAWS.—Where retrospective laws have been declared void, it has been upon the ground that they were in conflict with some vested right, secured either by some constitutional guarantee or protected by the principles of universal justice.

PECIFIC CONTRACT ACT.—The Act of April 27th, 1863, commonly called the

"Specific Contract Act," is not in conflict with the Constitution of this State, nor is it opposed to the principles of essential justice.

CONTRACT PAYABLE IN UNITED STATES COIN.—A contract for the payment of a sum of money in United States coin, entered into before the passage of the Act of April 27th, 1863, commonly called the "Specific Contract Act," can only be performed by a payment of the kind of money specified.

GOLD CONTRACTS PRIOR TO APRIL 27, 1863.—A gold coin contract entered into before the passage of the Specific Contract Act will be enforced by the Courts in accordance with the provisions of said Act, in actions commenced after the passage of said Act, and a tender made in United States treasury notes on such contracts, before the passage of said Act, will not satisfy the same.

APPEAL from the District Court, Fifteenth Judicial District, Tehama County.

The defendants plead the tender made before suit was commenced, and brought the United States treasury notes thus tendered into Court. Judgment was rendered in favor of plaintiffs for the money thus tendered in Court, and in favor of defendants for their costs. Plaintiffs appealed.

The other facts are stated in the opinion of the Court.

*Wm. H. Rhodes*, for Appellants.

That the law of 1863 affects only the remedy, not the contract itself, would seem to be a self-evident proposition. But see Parsons on Cont. Vol. 2, pp. 531–534; *Hunsaker v. Borden*, 5 Cal. 289; *Thornton v. Hooper*, 14 Cal. 11. (See, also, a collection of cases in 1 Labatt's Digest, S. C. Dec. p. 271, Sec. 10; *Smith v. Morse*, 2 Cal. 552.)

*Wm. S. Long*, for Respondents.

By the Court, SHAFTER, J.

This is an action upon a promissory note for seven hundred and eighty-two dollars and ninety-two cents, executed September 1, 1862, and payable on the 15th of October of the same year, in United States coin. The defendant Lewis tendered the amount due upon the note February 1st, 1863, in United States notes. The action was brought May 13, 1863.

In *Lick v. Faulkner* this Court decided that the Act of Con-

gress passed on the 25th of February, 1862, entitled " An Act to authorize the issue of United States notes and for the redemption or funding thereof, and for funding the floating debt of the United States," was constitutional.

In the case of *Carpentier* v. *Atherton* we decided that the Act passed by the Legislature of this State April 27, 1863, commonly called the " Specific Contract Act," was purely remedial in its character, and conflicted neither with the Act of Congress nor with any known public policy. In the case of *Carpentier* v. *Atherton* the note upon which the action was brought was executed after the passage of the Act of April 27, 1863 ; but in the case at bar the note was executed about five months before, and it is now insisted that the plaintiff cannot claim the benefit of that Act, on the ground that it is not retroactive in effect.

In all the cases where laws confessedly retrospective have been' declared void, it has been upon the ground that such laws were in conflict with some vested right, secured either by some constitutional guarantee or protected by the principles of universal justice. (*Terrett* v. *Taylor*, 9 Cranch. 43.) But when an Act like the one now in question takes a contract as it finds it, and simply enforces a performance of it according to its terms, it is not liable to objection because it may have a retroactive operation by way of relation to past events. The Constitution of this State does not prohibit retrospective legislation ; and the Act of 1863, instead of being opposed to the principles of essential justice, is approved of them all. When we decided, in *Carpentier* v. *Atherton*, that the Act was purely remedial, we in effect disposed of the present objection.

But it is further insisted that, inasmuch as the tender was made before the Act of 1863 was passed, that the defendant had a vested interest in that defense, of which the Legislature could not deprive him.

The case of *Carpentier* v. *Atherton* disposes of this objection also. United States notes are lawful tender " in respect to debts that are payable in money generally, but as to the con-

tract which is the foundation of the judgment in this case, it is more than a contract for the payment of money merely. It goes to the extent of defining by what specific act the contract shall be performed. By the admitted and settled rules of law such a contract can be performed, according to the agreement of parties, only by a payment of the kind of money specified." By the rule of the common law a tender must be of the thing or things called for by the contract. *Cole* v. *Ross et al.*, 9 B. Mon. 393, was an action brought upon a covenant in which the defendants stipulated to pay to the plaintiff or order three thousand three hundred and thirty-three dollars, payable in good merchantable pig metal, delivered on the bank in Greenupsbury, at twenty-nine dollars per ton. The obligors tendered money instead of iron. The Court say : " The expression ' payable in good merchantable pig metal ' clearly points out the thing which is to be paid ; it is not of the same import as the expression *may be paid* in pig metal. The latter, if used, would have implied an election to pay in the thing named or not, as it might suit the convenience of the obligors. The former, in direct and positive language, makes the amount payable in the thing specified, and shows that it was really a contract for pig metal, and not for money, which might be paid by the delivery of the article named ; and that the sum mentioned was merely the medium by which the quality of the thing contracted for was to be ascertained according to its stipulated value per ton."

It was held in *Brewer* v. *Thorp*, 3 Ind. 262, that "where a contract for the future conveyance of land requires that the vendee shall labor for a specific period for the vendor, the vendee cannot entitle himself to the conveyance by tendering a sum of money as an equivalent for the non-performance of the labor." It was not, in our judgment, the intention of the Act of Congress to interfere with the obligations of contracts. A contract payable in coin is not prohibited, nor has there as yet been any legislation on the part of the General Government discountenancing contracts of that character as being detrimental to the public good. A promissory note

7

payable in coin has no "obligation" independently of that provision; and so of contracts payable in currency specifically, or in bullion, or in wheat, or in iron, as in the case cited. The question of remedy upon contracts of that character is not to be confounded with this question of tender, for we consider that if the Act of 1863 had never been passed, however the debtor in a gold contract might have satisfied a general money judgment upon it in United States currency, still, under the common law controlling the question of tender, no tender · could have been made in advance of action brought that did not match the terms of the "obligation."

The judgment is reversed, with directions to the Court below to enter a judgment upon the findings in conformity with the views expressed in this opinion.