## White *versus* Tompkins.

1. On failure to deliver specific articles contracted for, the damages are generally the difference between the contract price and the market price at the time for delivery.

2. When the contract is to pay a sum of money in specified articles, the damages on failure are the interest of the money.

3. When the contract is to pay for a thing purchased, a fixed sum of money in specific articles, the vendee has the option to pay in money or the articles.

4. A vendee contracted to buy land for a price fixed, "it being expressly agreed that the said payments are to be made in * * axes." *Held*, that the vendee might elect to pay in money: *held*, also, that the measure of damages on failure of vendee was the interest of the money, not the profit which the vendor might have made on the axes.

ERROR to the Court of Common Pleas of *Luzerne county*.

This was an amicable action of covenant and a case stated between Jerison White and Thomas V. Tompkins and F. B. Silkman, assignees, &c.

Jerison White contracted with Crandell J. White and Tompkins, October 20th 1862, to sell them an axe factory, &c., for $2300, the sum of $108 to be paid on the first day of the next January, and $108 on the first day of every succeeding month till the whole should be paid. "It being expressly understood and agreed that the said payments are to be made in merchantable steel and iron poll axes, of the usual weight and terms of warranty, * * the kind wanted to be ordered at least one month before the time for delivery thereof, and if not so ordered, it shall be at the option of said second party to furnish either iron or steel poll. The said second party shall have the right to furnish in larger quantities in any one month, in which case the excess shall apply upon the amount of any succeeding month or months. The prices shall be $10 per dozen for iron, and $12 per dozen for steel poll, labelled, papered and boxed."

Crandell White's interest became vested in Silkman, January

[White *v.* Tompkins.]

2d 1864.   The purchasers having made payments as stipulated, there was due to the vendor on the 1st of April 1864, $676.   Since that time no payments have been made.

On the 15th day of October 1864, the plaintiff tendered a deed of the premises to the defendants, with a demand for the payment of the balance due in axes of the kind and at the prices mentioned:   Payment in axes was refused by the defendants, who offered to pay the amount due in money; this the plaintiff declined.

If the court be of the opinion that it is at the option of the defendants to pay the balance due on the contract in money, judgment to be entered for the plaintiff for the sum of $676, with interest from the 1st day of April 1864.

If the court be of the opinion that the defendants are bound to pay the balance due in axes at the price stated in the contract, or the value of axes at the time the same became due and payable, the judgment to be entered for the plaintiff for the sum of $1053.

The court below (Conyngham, P. J.) delivered the following opinion :—

" The action here is brought upon a contract for the sale of certain real estate for a definite money price, but with the further provision that such payments shall be made in axes.   It is a real contract, for the non-performance of which, upon the part of the defendants, they are responsible in damages, estimated as the unpaid portion of the purchase-money, with interest.   It is not a contract between the parties for the sale and delivery of personal property at a stipulated price, that is to say of axes at a certain valuation per dozen : the contract is for the sale of land at a definite price, the mode of payment of such price being only incidental.   That this must have been the clear meaning of the parties is evident from the stipulation that in case ' of default in payment of any instalment for the term of sixty days,' the purchasers agree to a confession of judgment, with condemnation of real estate ' for the amount of said payment, interest and costs,' thus clearly ascertaining and liquidating the damages upon any such failure.

" The question raised here is, whether the plaintiff can claim as damages, when the axes were not delivered, any greater sum than the stipulated price of the land and interest.   Regarding this agreement, as we are disposed to consider it, as an undertaking to pay for the real estate a fixed price in money, though payable in axes, the rule laid down in the books seems to be that such an agreement gives the payee or vendee of the land the option to pay the price in money or in property ; that the election is with him, and that the vendor has no further claim than for the price of his land and interest.

[White v. Tompkins.]

"Chipman, in his Law of Contracts, p. 35, thus states the principle, citing as his authority Poth. on Ob. No. 497: 'All agreements to pay in specific articles are presumed to be made in favour of the debtor, and he may in all cases pay the amount of the debt in money in lieu of the articles, which by the terms of the contract the creditor had agreed to receive instead of money.' He says also, 'If A. give B. a note for $100, payable in wheat at a future day, at 75 cents per bushel, and wheat, on the day of payment, be $1 per bushel, A. may, at his election, pay in wheat of an average quality at 75 cents per bushel, or pay $100 in money.' This rule, in nearly parallel language, is adopted by Mr. Justice Ross, in Roberts v. Beatty, 2 Penna. R. 63, and reaffirmed in same book, p. 301, Church v. Feterow. In Plowman v. McLane, 7 Alabama 755, it is decided that a promise to pay a certain sum of money at a certain time, which may be discharged in leather, is a conditional contract, leaving the debtor the option of paying in that manner if he elect. We refer also to 2 Pars. on Contracts 163, in notes, for the same general doctrine.

"Here the defendants, or those under whom they claim, covenant to pay for the real estate $2300, a money price, and attach a further agreement to pay in merchantable steel and iron poll axes at a fixed value per dozen, &c. Looking, then, to the contract, and considering all the attendant circumstances, who can doubt that the intent of the parties was in conformity with the legal intent we have stated? The plaintiff, being the owner of an axe factory, for a certain price, its presumed value, which he agrees to take, sells the same to the defendants; they become the operators and workmen in the manufacture of axes, and to avoid the necessity of a sale to others, so as to raise money to pay the instalments of the purchase-money, it is agreed that the seller shall take the axes in payment at a definite price. Common knowledge of business teaches every one that this would be a privilege to the vendee, particularly so when with both parties, to avoid the uncertainty of a market price, the value of the article is agreed upon. Again, if the seller receives the full stipulated price of his farm, why has he not received full satisfaction? There is nothing in the transaction to lead us to think that a speculation in the rise and fall of the price of axes entered into the consideration of the parties in the sale and purchase of the factory; it was a convenient mode of payment for the debtors, and at the price fixed we may suppose no great risk to the sellers.

"If the principle recognised, as already stated in Roberts v. Beatty, Church v. Feterow, and repeated in Fleming v. Potter, 7 Watts 381, that in an agreement to pay a sum of money by property, a failure to deliver the property in due season leaves it a money obligation, I cannot see upon what principle the plaintiff can claim more than the balance of purchase-money and interest.

[White *v.* Tompkins.]

The real injury to the plaintiff is the non-payment of the price of his land, and for this he is now to be compensated by the payment of the money with interest; the loss of profits which he might have made on the resale of the axes, if they had been delivered, cannot under this contract be claimed as damages; the subject-matter of the contract was the factory, and when this is paid for, no damages can be asked for the failure to comply with another provision as to the mode of payment, evidently for the convenience of the vendee; such damage is too remote: Wayne on Dam., pl. 6 and 20, *et infra.*

"Judgment is entered for the plaintiff for the sum of $676, &c."

Entering this judgment was the error assigned.

*Hand* and *Post*, for plaintiff in error.—Every person unjustly deprived of his rights should be at least compensated for the injury he has sustained: Bank of Montgomery *v.* Reese, 2 Casey 143.

By terms of the contract, the vendee was bound to pay in axes: 2 Pars. on Cont. 516, and cases cited in note to p. 491; Meason *v.* Phillips, Addis. 346; Price *v.* Instrope, Harper 111; Cole *v.* Ross, 9 B. Mon. 393; Clark *v.* Pinney, 7 Cowen 681; Edgar *v.* Boies, 11 S. & R. 445–449, note; Roberts *v.* Beatty, 2 Penna. R. 63; Church *v.* Feterow, Id. 301; Chipman on Cont. 31–34; Supp. to Id., sect. 52, 53, 54, pp. 288, 299; Sedg. on Meas. of Dam. 203–260.

*A. T. McClintock* and *D. R. Randall*, for defendants in error.—Where a contract is made to sell a specific article at a specified price, and there is a failure, the measure of damages is the difference between the price agreed to be paid and the price the article bears on the day of delivery: Davis *v.* Shields, 24 Wend. 322; 6 Shep. 122; Edgar *v.* Boies, 11 S. & R. 452; Smethurst *v.* Woolston, 5 W. & S. 106. But where the contract is for the payment of a certain sum of money in specific articles, at a specified price, the mode of payment is presumed to be made in favour of the debtor, and he may in all cases pay the amount of the debt in money: Chipman on Contracts 35; Poth. on Ob., Nos. 444, 544; Green et al. *v.* Moffer et al., 1 Halsted Rep. 461; Roberts *v.* Beatty, 2 Penna. R. 68; Brooks *v.* Hubbard, 3 Conn. 58; Chirpendale *v.* Thurston, 4 Car. & P. 98; Layton *v.* Pearce, Dougl. 15; Startup *v.* Macdonald, 12 Law J. U. S. 447; 5 Harrison's Dig., 1850; Gleason *v.* Pinney, 5 Wend. 393.

The opinion of the court was delivered, October 17th 1866, by

Thompson, J.—The distinction between a breach of contract for the sale and delivery of specific articles, and to pay a sum of

[White v. Tompkins.]

money in such articles at a stated price, is clearly recognised in the authorities referred to by the learned judge. Upon principle, independently of authority, this is manifest. In the former the damages, as a general rule, is the difference between the contract price, and the market price at the time appointed for delivery. In the latter, the delivery of specific articles is an alternative mode of paying a fixed sum of money, which, if not delivered, leaves the rule of damages for non-payment of money untouched, namely, interest. This was the view of the learned judge, and is so well vindicated in the opinion delivered by him that we forbear further remarks.

Judgment affirmed.