FRANCISCO AURRECOCHEA et al., Respondents, **v.** PETER HINCKLEY, Appellant.

No. 3981; November 12, 1874.

**Adverse Possession—Mexican Claim.**—A person in continuous adverse possession of premises for more than five years may not be made to relinquish them to one asserting rights through an old Mexican claim who has no patent and no final confirmation of title.

**Adverse Possession—Mexican Claim.**—When a plaintiff relies for recovery upon a final confirmation of title, the statute of limitations begins to run only at the issuance of the patent, and so bare possession for any time antecedent would not benefit his adversary; but, without actual issue of patent, a Mexican claim which such issue might make into a practical right, cannot be recognized as a claim entitled to protection by the United States.

APPEAL from Third Judicial District, Alameda County.

E. J. Pringle for respondents; A. H. Griffith for appellant.

McKINSTRY, J.—The Mexican claim under which plaintiffs deraign title was not finally confirmed when the act of

April 18, 1863, took effect (Stats. 1863, p. 325), nor had a patent for the land been issued when this action was brought. The defendant was in the adverse possession more than five years before the commencement of the action. If the statute of 1863 is not in conflict with the constitution of the United States, or with a treaty, the defendant was entitled to judgment. No argument is made in the briefs upon the subject of such conflict.

Judgment and order reversed and cause remanded.

We concur: Crockett, J.; Niles, J.

WALLACE, J., Concurring.—I concur in the opinion and in the judgment. To prevent possible misunderstanding, however, it is perhaps material to observe that the plaintiffs here have no patent, nor any determination of the survey under the act of Congress of June 14, 1860. They have, therefore, no final confirmation of title: Johnson v. Van Dyke, 20 Cal. 225; Davis v. Davis, 26 Cal. 46, 85 Am. Dec. 157; Beach v. Gabriel, 29 Cal. 580; Mahoney v. Vanwinkle, 33 Cal. 448.

The possession of the defendant, though held under Wilkinson and Pacheco, was nevertheless adverse as to the title of the plaintiffs: McManus v. O'Sullivan [48 Cal. 7], January term, 1874, and cases there cited.

At the commencement of the action the defendant had been in the continuous adverse possession of the premises for more than five years, and the action was, therefore, barred by the sixth section of the act of 1855, as amended by the first section of the act of April 18, 1863 (p. 326), unless the right to bring the action was saved to the plaintiffs under the doctrine of the case of Gardiner v. Miller, 47 Cal. 570, and the authorities and principles of law there referred to.

It is settled by the case of Gardiner v. Miller, supra, that where a plaintiff in an action relies for recovery upon a final confirmation—that is (since the repeal of the act of June 14, 1860), a patent—the limitation prescribed by the statute of April 18, 1863, would commence to run only at the time of the issuance of the patent, and that the possession of the defendant for any period of time antecedent to its issuance would not operate to bar the action. The patent in such case, while it establishes the validity of the original claim upon

which it was issued, also protects the holders of the claim from the operation of the statute of limitations while proceedings to obtain the patent were pending in the tribunals of the federal government. Unless the patent have actually issued, however, no such protection against the operation of the statute of limitations enacted by the state can be afforded to the claimant, for until its issuance the claim itself cannot be recognized as one entitled to protection at the hands of the federal government, or brought within the obligations assumed by the government by the treaty of cession. It may be a claim utterly worthless in its character, and one the validity of which the government at the latest moment may refuse to recognize. It is not, therefore, the mere fact that the claimant is at the time actually seeking confirmation at the hands of the government which renders the statute of limitations inapplicable pending such proceedings, but the fact that he has been successful and has obtained the final confirmation he sought. Otherwise it is obvious that any claim, even the most worthless in character, may be asserted in an action of ejectment, so long as proceedings to obtain its recognition at the hands of the government, even though uniformly unsuccessful, can be kept on foot. We accordingly said in Gardiner v. Miller, supra: "It may be conceded that as against the right to commence an action upon an unconfirmed grant it was competent to set the statute of 1863 in motion from the time of its enactment," etc.

As observed already, the claim of the plaintiffs here is of that character, and in its present condition the statute of limitations, therefore, constitutes a bar to the action.