# Day, Appellant, *v.* Central Trust & Savings Company.

*Guaranty—Principal and guarantor—Conveyance of building—Insufficient tender—Damages.*

Where a trust company for a consideration paid to it guarantees to a subcontractor in a building operation, that a house which he was to receive from the contractor in part payment for work done, shall be conveyed to him subject to two mortgages particularly described, and "subject only as to above mortgages and building restrictions," the trust company does not fulfill its guaranty by tendering a conveyance of the house, when it is not able to give possession of the premises because of a lease thereof to a third party; nor is the tender made good by an offer to assign the lease to the subcontractor.

In such a case the trust company is liable for the loss sustained by the nondelivery of the house, which is not its value as fixed by the subcontractor and the contractor in a contract to which the trust company was not a party, but what the house was worth at the time it should have been delivered, and what its possession would have been worth to the subcontractor less the burdens incident to ownership, between the date it should have been delivered and the date of trial.

·98 DAY, Appellant, *v.* CENTRAL TR. & SAVINGS CO.

Statement of Facts—Charge of Court below. [62 Pa. Superior Ct.

Argued Oct. 15, 1915. Appeal, No. 80, Oct. T., 1915, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1912, No. 3037, on verdict for plaintiff in case of Charles J. Day v. Central Trust & Savings Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Assumpsit for breach of a written contract of guaranty. Before DOUGHERTY, J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

There is no doubt that there was a breach of contract on the part of the defendant company; but there is nothing in the evidence, as far as I can see, which shows any bad faith on the part of the defendant company. In other words, the failure to carry out the express conditions of the contract was not owing to any failure on the part of the defendant or any bad faith on its part.

Under the circumstances, the question arises: To what damages is the plaintiff entitled? [You will have observed at the trial here that the defendant has made a formal tender to the plaintiff of the title to the property, in accordance with the terms of the agreement. Now, I instruct you, as matter of law, that that was a good tender to Day and that there is nothing in the evidence to show any bad faith on the part of the defendant toward the plaintiff in failing to have the conveyance made at the proper time.] (9)

[I do not think it is necessary for me to go into the facts, in view of what I am going to say to you, and that is that in my opinion the only damages that the plaintiff is entitled to recover here, in addition to the property 4918 Walnut street, is the rental value of the property from the time the property should have been conveyed to the plaintiff up to the present day.] (10)

DAY, Appellant, *v.* CENTRAL TR. & SAVINGS CO. 99

97, (1916).]    Verdict—Opinion of the Court.

Verdict for plaintiff, deed of 4918 Walnut street and $562.00 damages. Judgment was entered on the verdict.

*Errors assigned,* among others, were (9, 10) above instructions, quoting them.

*William H. Peace,* with him *Alfred D. Wiler,* for appellant.—The present case is squarely ruled by Singerly v. Armstrong, 5 W. N. C. 139.

*Edward Hopkinson, Jr.,* with him *Abraham M. Beitler,* for appellee.

OPINION BY TREXLER, J., March 1, 1916:

Day, the plaintiff, painted some houses for Rogers and was to be paid partly in cash and the remainder by the conveyance of one of the houses to him. The defendant, in consideration of a certain sum paid by the plaintiff, guaranteed both payments. The contract upon which suit is brought reads as follows:—"In consideration of the sum mentioned in cash guaranty of even date, the Central Trust & Savings Co., hereby guarantees to Chas. J. Day conveyance to property known as No. 4918 Walnut street, subject to a first mortgage of $6,000.00 at 5.4 per cent., payable within five years from its date and also subject further to a second mortgage of $1,200.00 at 6 per cent. payable within three years. Title to said premises to be such as will be insured by the Real Estate Title Insurance & Trust Company and being subject only as to above mortgages and building restrictions. Central Trust & Savings Company further guarantees to issue its policy in the sum of $2,800.00 to Chas. J. Day, insuring completion of said dwelling free of mechanics' liens and municipal claims." In the agreement between Rogers and Day, above referred to, the price of the house which was to be part of the consideration was fixed at $2,800. The trust company who had control of the property never passed title to Day for the premises in accord-

ance to its guarantee.  Several attempts were made to tender the deed as provided in the agreement, but each time the plaintiff refused to accept the tender, and on each occasion, we think he was justified in so doing.  The offer of Nov. 20th, 1912, was, that the trust company would pay $55.00 per month until a satisfactory marketable title could be given.  Certainly this was not a proper tender.  The offer of Dec. 19, 1912, was not a tender at all, but merely a proposal or suggestion on the part of the defendant.  The objection that plaintiff urged was that no possession could be given.  This was a valid objection.  The same is true as to the tender of June 16, 1913.  The tenant was still in possession.  The final tender was made at the trial of the case.  The property had again been leased to a third party.  The court apparently did not regard this lease as affecting the legality of the tender, but ruled that the tender ·was good. He instructed the jury that the damages of the plaintiff were the rental value of the property from the time the title should have been passed to the date of the trial. In this we think the learned trial judge was in error. The title was not such as was required by the terms of the agreement.  It was to be "subject to the above mortgages and building restrictions."  The policy of the title company excluded any unrecorded leases.  There was one in existence.  This outstanding lease was an encumbrance.  Such was the ruling in White v. Tomkins, 52 Pa. 363, following Fleming v. Potter, 7 Watts 380.  It was so decided also in Wilson's App., 109 Pa. 606; Durham v. Wick, 210 Pa. 128.  See also Am. & Eng. Ency. of Law, 2d Ed., Vol. VIII, p. 129.  This objection was not met by the offer to assign the lease to Day.  He was entitled to possession and such possession meant actual possession not constructive possession.  When the defendant made the lease it deprived itself of the ability to comply with its contract.  The giving of the plaintiff the rent during the time in which he was entitled to

possession and title and had not received it, might be a fair way of adjusting matters, but it was not giving him what he was legally entitled to and he had the right to reject any tender which involved his taking the property subject to the outstanding lease.

The question then remains as to what plaintiff's damages are. Between the original parties to the contract, that is Day and Rogers, the valuation of the house was fixed, and on default of Rogers passing the title to the house, the sum which he had to account for was the amount fixed as the value of the house. The contract sued upon here is one that guarantees a conveyance. If there be a failure to convey, no alternative value is fixed. We cannot read into the guarantee, the terms of the contract made between Day and Rogers. Had the trust company guaranteed, generally, that contract, then there would be a state of facts such as was present in Singerly v. Armstrong, 5 W. N. C. 139. There Singerly became surety for the performance of the entire contract. The material furnished at a certain figure was to be paid partly by the delivery of a house, which was never given to the materialman. His debt for the material was not affected thereby. The principal having failed to deliver, the surety was required to pay the amount due for the material, the object of the parties, being not the sale of a house, but to secure the payment of the price of the materials. Failing to convey the property, the debt still remained unpaid.

In our case, the money paid to the trust company was specifically for a guarantee of delivery of the deed for the house. Having failed to do this, it is liable for the loss the plaintiff sustained by the non-delivery of the house, which is not its value as fixed by the parties in a contract to which the trust company was not a party, but what the house was worth at the time it should have been delivered and what its possession would have been worth to the plaintiff, less the burdens incident to owner-

ship, between the date it should have been delivered and the date of trial.

Judgment reversed, and a venire facias de novo is awarded.