(81 South. 628)

WHITE v. EDDY.   (8 Div. 149.)

(Supreme Court of Alabama.   April 17, 1919.)

1. BILLS AND NOTES ⬤⟿131—PAYMENT—OPTIONS.

Under a note reciting that "I promise to pay W. or order $235.50, for value received, * * * this note is to be paid in strict middling cotton at ten cents per pound," the promisor has the option of paying in cotton or money, where the agreement did not originate in an obligation to sell and deliver property merely, but evidences an obligation to pay a definite value on account of some independent consideration.

2. PLEADING ⬤⟿204(2)—DEMURRER—PLEADING GOOD IN PART.

Although bill filed to foreclose a mortgage securing a note for $235, reciting that "this note is to be paid in strict middling cotton at ten cents per pound," not having been paid, was demurrable for demanding foreclosure for the value of 2,350 pounds of cotton, a demurrer to the bill as a whole should not have been sustained; the bill showing that the complainant was at least entitled to foreclosure for $235.

3. MORTGAGES ⬤⟿300 — FORECLOSURE—TENDER.

Where mortgagor tenders amount due and keeps the tender good by payment into court with an appropriate plea, a bill for foreclosure cannot be maintained.

4. MORTGAGES ⬤⟿300—TENDER.

Where mortgagor offered to pay the money due and mortgagee declined to receive it, an actual tender was excused.

5. MORTGAGES ⬤⟿448—TENDER—PLEADING.

An allegation in a bill to foreclose a mortgage that mortgagors "express a willingness to pay said note in money, but complainant declines to do this," complainant improperly insisting upon payment in cotton, does not show an offer to pay, rejected by complainant, so as to render the bill demurrable; especially as keeping the tender good is defensive matter not shown by the bill.

6. MORTGAGES ⬤⟿489 — FORECLOSURE — AMOUNT.

A decree of sale in a mortgage foreclosure proceeding should be for whatever amount is shown to be due at the date of the decree, though a part of it may have fallen due after the bill was filed.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill by Charles E. White against E. E. Eddy to foreclose a mortgage. From a decree sustaining demurrers to the bill, complainant appeals. Reversed and rendered.

Bill was filed November 15, 1917, to foreclose a certain mortgage on land executed by respondent and his wife on December 3, 1912, to secure six promissory notes of even date and maturing, respectively, on November 1, 1913, and annually thereafter. The mortgage recites an indebtedness of $1,413, and the condition is:

"If I pay the amount due on said notes above described before or at the time the same falls due, then this conveyance is to be void."

The notes thus secured have all been paid except the last two maturing November 1, 1917, and 1918. The notes recite:

"On November 1, 1917 (and 1918) I promised to pay C. E. White or order $235.50, for value received, * * * this note is to be paid in strict middling cotton at ten cents per pound."

The bill avers that these notes and the mortgage were given to secure the purchase price of the land mortgaged contemporaneous with the sale of by complainant to respondent. The bill further avers that defendant has failed and refused to pay the note due November 1, 1917, in cotton ten cents per pound, but expresses a willingness to pay said note in money; but complainant declines to do this, and before filing this bill demanded of defendant 2,350 pounds of strict middling cotton in payment of said note, and the defendant had failed and refused to pay same. It is also shown that on November 1, 1917, cotton of that grade was worth $.28 per pound. Numerous grounds of demurrer were filed to the bill,

and the court sustained the demurrer on the following ground:

(3) The bill shows on its face that the mortgage indebtedness was payable either in money or in cotton at the election of the defendant, and that the defendant had elected to make payment in money and have offered to pay the same to complainant.

(17) The bill fails to allege or show that there has been any default made against the terms of said mortgage whereby complainant has any right to proceed under said mortgage.

(18) A copy of the mortgage is made Exhibit 2 and a part of said bill, and the bill does not allege or show any default made as against the terms of the mortgage whereby any right of action for the foreclosure thereof in a court of equity has accrued to complainant.

Street & Bradford, of Guntersville, for appellant.

Wert & Lynn, of Decatur, for appellee.

SOMERVILLE, J. Two vital questions are presented by the assignments of error: (1) Was the note in question payable in money or cotton, "at the option of the maker"? (2) Does the bill of complaint show such a default in its payment, whether in money or cotton, as will support the prayer for foreclosure?

1. In his work on Contracts, Mr. Parsons says:

"If a note or written promise be to pay so much money, but in goods specified, and at a certain rate, and the promise is broken, it is not quite settled whether the law will regard this as a promise to pay money, or to deliver these goods; and it may be a very important question if the goods have varied much in value. * * * The true question is, whether it was intended that the promisor might elect to pay the money or deliver the articles; or, in other words, whether it was agreed only that he owed so much money, and might pay it either in cash or goods, as he saw fit. There might be something in the form of the promise, in the res gestæ, or in the circumstances of the case, which, by showing the intention of the parties, would decide the general question; but in the absence of such a guide, and supposing the question to be presented merely on the note itself, as above stated, we should say that the more reasonable construction would be, that it was an agreement for the delivery of goods in such a quantity as named, and of such a quality as that price then indicated. And on a breach of this contract the promisor should be held to pay, as damages, the value of so much goods at their increased or diminished price." 3 Parsons on Contracts, 215.

This rule seems to be supported by the following cases: Mattox v. Craig, 2 Bibb (Ky.) 584; Cole v. Ross, 9 B. Mon. 393, 50 Am. Dec. 517; Price v. Justrobe, Harp. (S. C.) 111; McDonald v. Hodge, 5 Hayw. (Tenn.) 85; Wilson v. George, 10 N. H. 445; Meason v. Phillips, Add. 346; Edgar v. Boies, 11 Serg. & R. (Pa.) 445.

In a note to the text, Mr. Parsons adds:

"But there are authorities of perhaps equal weight which hold that a note promising to pay a certain sum in specific articles, at a given price, may be discharged by the delivery of the articles, or by payment of the sum stated, at the debtor's election; but after the time fixed for the delivery has elapsed, they become obligations for the payment of that sum."

The leading case expounding this view is Pinney v. Gleason, 5 Wend. (N. Y.) 393, 21 Am. Dec. 223.

In a note to Roberts v. Beatty, 2 Pen. & W. (Pa.) 63, 21 Am. Dec. 410, Judge Freeman has collated the authorities on both sides of the question, and he says:

"It seems to us, after a careful examination of the cases, that these [latter] views are sustained by the greater weight of authority."

[1] The modern view seems to be that when the agreement did not originate in an obligation to sell and deliver property merely, but evidences an obligation to pay a definite value on account of some independent consideration, it will be treated as an option in favor of the maker. Chipman on Con. for Payt. of Spec. Arts. 35–37; 3 R. C. L. p. 890, § 77; 8 Corp. Jur. 576; White v. Tompkins, 52 Pa. 363; Heywood v. Heywood, 42 Me. 229, 66 Am. Dec. 277; Leapold v. McCartney, 14 Colo. App. 442, 60 Pac. 640.

We regard this as the sounder rule and as being the one most probably expressive of the true intention of the parties.

In the present case this conclusion is strengthened by a consideration of the terms of the mortgage deed, which refer only to a money indebtedness of $1,403, and provide for defeasance by payment of "the amount due on said notes."

[2] The allegations of the bill show that complainant claims and seeks to recover of respondent, by foreclosure, a mortgage debt based upon the value of 2,350 pounds of strict middling cotton on the day the note fell due. This, as we have seen, he cannot do. But the grounds of demurrer which raise this objection should have been limited in their application to that special phase of the bill; and, as they are assigned to the bill "as a whole," they were not well taken, and should have been overruled.

[3] This is so, because, even upon this theory of the demurrer, complainant is entitled to maintain his bill for foreclosure after the law day of the mortgage, unless the mortgagor tendered to him the amount of money due, and now keeps the tender good by payment into court with an appropriate plea.

[4, 5] Of course, an actual tender would be excused if the mortgagor offered to pay the money, and the mortgagee declined to receive it. But the allegation that respondents "express a willingness to pay said note in money, but complainant declines to do this," does not show "an offer" to pay, rejected by complainant; and keeping the tender good,

if so, is defensive matter not shown by the bill.

[6] We think the bill in its present form may be maintained for foreclosure of the mortgage indebtedness shown to be past due, viz., one note for $235, "payable in money," on November 1, 1917. And, of course, a decree of sale would be for the satisfaction of whatever amount is shown to be due at the date of the decree, though a part of it may have fallen due after the bill was filed. Mussina v. Bartlett, 8 Port. 277; Walker v. Hallett, 1 Ala. 379.

It results that the trial court erred in sustaining the demurrer to the bill of complaint; and that decree will be reversed, and one here rendered, overruling the demurrer.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.