**Ezra J. NIXON and Larue O. Nixon, Appellants,**

v.

**H. W. HEERS and H. W. Heers, Inc., a Corporation, Appellees.**

**No. 22355.**

United States Court of Appeals
Ninth Circuit.

June 20, 1969.

Arthur H. Nielsen (appeared), of Nielsen, Conder, Hansen & Henroid, Salt Lake City, Utah, Francis Ray Brown, Alhambra, Cal., for appellants.

Brown, Chapman & McBay, Riverside, Cal., for appellees.

Before ELY, CARTER and HUF-STEDLER, Circuit Judges.

PER CURIAM:

This diversity action was based upon a promissory note, executed in Utah, providing that all payments of principal and interest were to be paid either in cash or at the election of the prom-isors, appellees herein, in notes secured by deeds of trust.

Following appellees' default on the note, appellants, plaintiffs below, recovered judgment against the appellees. The judgment read:

"That plaintiffs have judgment against the defendants in the sum of $136,956.04, which amount may be paid and satisfied by defendants' delivery to plaintiffs [sic] bonafide notes secured by valid deeds of trust;"

and awarded $13,000.00 attorneys' fees to be paid in cash.

Appellees filed no brief and elected not to appear at the argument of this appeal.

Where notes give to the promisor the kind of an election as shown by the note in this case, the promisor may not make the election after his default; rather, the promisee is entitled to payment in money. Texas & Pac. Ry. Co. v. Marlor, 123 U.S. 687, 8 S.Ct. 311, 31 L.Ed. 303 (1887); Meissner v. Ogden, L. & I. Ry. Co., 65 Utah 1, 233 P. 569 (1924).

The judgment is modified by striking from the judgment the following words, "which amount may be paid and satisfied by defendants' delivery to plaintiffs bonafide notes secured by valid deeds of trust," so that the judgment will read:

"That plaintiffs have judgment against the defendants in the sum of $136,956.04."

Plaintiffs recovered $13,000.00 as attorneys' fees in the trial court. This appears to be ample compensation for their attorneys' and we reject their suggestion that we should award an additional amount for the services of their attorneys in connection with this appeal.

As so modified, the judgment is affirmed.