Argued April 3, affirmed April 19, 1972

PROGRAMMED PROPERTIES CORPORATION,
*Respondent, v.* McDANIEL ET UX, *Appellants.*

495 P2d 1191

*John C. Caldwell,* Oregon City, argued the cause for appellants. With him on the briefs were Hibbard, Caldwell, Canning & Schultz, Oregon City.

*James H. Bean,* Portland, argued the cause for respondent. With him on the brief were Lindsay, Nahstoll, Hart, Duncan, Dafoe & Krause, Portland.

HOLMAN, J.

This is an action upon a promissory note for $10,000 and attorney's fees. It was tried to the court without a jury. Judgment was entered for plaintiff and defendants appeal.

Defendants were owners of a piece of real property which they decided to sell. It was sold for them by plaintiff, a real estate brokerage corporation. The purchaser was Homart, Inc., a corporation whose shares were publicly traded, which also was a client of plaintiff. Homart proposed to transfer 20,000 shares of its stock to defendants at a value of $1.00 per share as a portion of the down payment. The defendants found this would not produce sufficient cash and asked plaintiff if it would be willing to accept half of the

stock to apply on its commission. Plaintiff agreed to this proposal.

At the time the deal was closed on January 7, 1970, a certificate for 20,000 shares of stock was delivered to the defendants. The certificate was issued in the name of defendant Mrs. McDaniel. As part of the closing transaction, defendants then signed the note in question, payable to plaintiff as part of its fee. The note was for $10,000, but payable in 10,000 shares of Homart's stock if paid on or before sixty days hence, which was the due date of the note. Otherwise, the note was to be paid in cash.

Twice during the sixty-day period a representative of plaintiff told defendants that the stock must be delivered within that time. On about March 5 Mrs. McDaniel endorsed the stock certificate for 20,000 shares which the McDaniels had received from Homart and took it to the office of that corporation, which acted as its own transfer agent. Mrs. McDaniel instructed Homart to issue a certificate for 10,000 shares in the name of plaintiff and a certificate for 10,000 shares in her name. Homart did not issue the stock certificate in the name of plaintiff until April 9, and the certificate was not picked up by Mr. McDaniel and tendered to plaintiff until April 14, at which time plaintiff refused the tender.

■ Defendants first contend that plaintiff's complaint does not state a cause of action for $10,000 because the provision in the note that cash must be paid instead of stock, if the stock was not delivered within sixty days, is a penalty and therefore void. Defendants owed plaintiff a fee for selling defendants' property. Plaintiff agreed to take part of its fee in Homart's stock instead of in money, if the stock was

delivered to it within sixty days. The limitation on the time was obviously drafted to prevent the defendants from speculating for more than sixty days at plaintiff's expense as to whether it would be more advantageous to pay the note in stock or in money. Under such circumstances, the requirement that the note be paid in money, if the stock was not delivered on time, did not constitute a penalty because the required money payment was not for the purpose of insuring delivery of the stock. Defendants could always wait sixty days and pay in money. The provision in the note was for the benefit of the defendants. It gave them their choice of the method of payment for a sixty-day period. Such an option does not constitute a penalty.

■ Defendants next contend that they paid the note by the delivery of the 20,000 shares of stock to Homart with the instructions to issue two certificates for 10,000 shares each, one to plaintiff and the other to Mrs. McDaniel. Defendants' contention is not well taken. They point to no evidence which indicates control of the stock passed from them to plaintiff at the time the original certificate was delivered to Homart for transfer of the shares. Plaintiff was not even notified of the delivery of the stock to Homart. The McDaniels could have countermanded their instructions to Homart at least as late as the issuance of the stock certificate in the name of plaintiff on April 9.

■■ Defendants finally contend that they were the victims of some kind of a scheme on the part of plaintiff to get money instead of stock and, therefore, plaintiff is estopped as a matter of law from claiming a cash payment. Defendants claim plaintiff violated the duties owed by a real estate broker to its client when

it put the provision in the note, without first consulting them, that the note had to be paid in money if the stock was not delivered by a certain time. They claim they knew nothing of the provision until after the note was signed. This is a case at law. Plaintiff's sales manager testified the note was executed because of the defendants' request that delivery of the stock to plaintiff be delayed and that the note was the subject of discussion between him and Mr. McDaniel at that time. There being evidence to sustain the trial court's ruling that defendants were not taken advantage of in such a manner as to create an estoppel, this court is bound thereby. Also, defendants are unable to explain how they were taken advantage of by being given an option whereby they could not lose: if the stock went up in value, they could pay in money; if it went down, they could pay in stock. There is no basis for an estoppel.

The judgment of the trial court is affirmed.