706 P.2d 81

**Max F. (Rip) SEWELL dba Warm Springs Realty, Plaintiff-Respondent,**

v.

**NEILSEN, MONROE, INC. an Idaho corporation, Defendant-Appellant.**

**No. 15386.**

Court of Appeals of Idaho.

Aug. 29, 1985.

Rehearing Denied Oct. 9, 1985.

Petition for Review Denied Dec. 13, 1985.

Jeffrey A. Strother, Thomas C. Morris, of Moffatt, Thomas, Barrett & Blanton, Boise, for defendant-appellant.

E. Lee Schlender, Ketchum, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal from a summary judgment granted to the plaintiff, Max Sewell, in an action to collect on a promissory note. We are presented with three questions. First, should the appeal be dismissed for mootness because of partial satisfaction of the judgment through an execution sale and because the appellant agreed to entry of a charging order against a partnership interest held by the appellant, to secure the balance owed on the judgment? Second, was there any unresolved genuine issue of material fact which would preclude summary judgment? Finally, did the district court err by awarding costs and attorney fees to the plaintiff? We hold the appeal is not mooted by the plaintiff's attempts to collect on the judgment; that summary judgment should not have been granted; and that the judgment, including the award of attorney fees and costs, must be set aside.

In 1978, the appellant, Neilsen-Monroe, Inc., acting through its president David Sellgren, executed a promissory note for a real estate commission owed to Max Sewell, doing business as Warm Springs Realty. The note was for $75,000 with interest at ten percent per annum, and had a due date of September 12, 1983. The note also recited: "Two fully paid for lots may be substituted for the above amount." Sewell filed suit against Neilsen-Monroe, Inc. alleging Neilsen had failed to pay the note

when it became due. Neilsen answered, alleging that conveyance of "two fully paid for lots" had been tendered to Sewell to pay the note and accrued interest, prior to the due date of the note. On Sewell's motion, summary judgment was entered against Neilsen for $130,867.25, representing the principal and interest due on the note and an award of attorney fees and costs incurred by Sewell. Neilsen appeals.

We turn first to Sewell's motion to dismiss this appeal on grounds of mootness. While this appeal was pending, Sewell obtained $50,000 toward satisfaction of the judgment through an execution sale of certain real property owned by Neilsen. Then, to prevent further executions, Neilsen agreed to the entry of a charging order to secure the balance of the judgment. The charging order was directed against an interest Neilsen has as a general partner in another, limited partnership business. Sewell argues that these events preclude Neilsen from contesting the validity of the summary judgment. In opposition, Neilsen contends the execution sale was not a voluntary partial satisfaction of the judgment on Neilsen's part and that Neilsen agreed to the charging order so as to prevent further executions and disruptions of its business. Neilsen cites our decision in *International Business Machines Corp. v. Lawhorn*, 106 Idaho 194, 677 P.2d 507 (Ct. App.1984) for the proposition that where a party is compelled to pay a judgment in order to prevent his property from being sold at an execution sale, the payment is involuntary and does not render moot an appeal from the judgment. Neilsen asserts, by analogy and parity of reasoning, that the execution sale and the entry of the charging order do not render its appeal from the summary judgment moot. We agree. We deny Sewell's motion to dismiss this appeal.

We turn next to the primary issue on appeal, *viz.*, whether the district court erred by granting summary judgment in favor of Sewell. Summary judgment is appropriate where the pleadings, depositions and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). In ruling on a summary judgment motion, the facts are to be liberally construed in favor of the party opposing the motion, and that party is to be accorded the benefit of all favorable inferences which might reasonably be drawn from the evidence. *Reis v. Cox*, 104 Idaho 434, 660 P.2d 46 (1982). If a genuine issue of material fact remains unresolved, or if the record contains conflicting inferences and if reasonable minds might reach different conclusions from the facts and inferences presented, then summary judgment should not be granted. *Id.*[1]

The ultimate issue presented to the district court, as framed by the pleadings of the parties, was whether Neilsen was obligated on the promissory note after its due date. Neilsen alleged that it had tendered performance of its obligation by offering to convey two lots to Sewell in satisfaction of the debt before the note's due date. In the summary judgment proceeding, Sewell disagreed with Neilsen's position. Sewell disputed that Neilsen had any option to substitute lots for cash payment on the note; that even if Neilsen had such an option, it was not timely exercised before the note came due; that the reference in the note to "two fully paid for lots" was vague and unenforceable and violated the statute of frauds; and that, in the manner Neilsen presented its tender, Neilsen's tender was conditional as an offer of a new contract.

Neilsen presented evidence to the court by way of affidavits. David Sellgren, the

1. A limited exception applies to cases governed by *Riverside Development Co. v. Ritchie*, 103 Idaho 515, 650 P.2d 657 (1982).

In *Ritchie* our Supreme Court held that if an action will be tried before the court without a jury, the judge is not constrained to draw inferences in favor of the party opposing a motion for summary judgment. Rather, the judge is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts.

*Blackmon v. Zufelt*, 108 Idaho 469, 470, 700 P.2d 91, 92 (Ct.App.1985).

person who had signed the note, essentially stated that the language concerning substitution of the two lots reflected an understanding and agreement reached between him and Max Sewell; that the language was placed on the note by either Sewell or an agent of Sewell; that Sellgren provided Sewell with a letter dated the same day as the note, more fully expressing their agreement concerning the two lots, indicating that two lots, fully paid for, having a combined retail value of $75,000 plus interest at ten percent, would be conveyed to Warm Springs Realty; that "[i]t was always the understanding of Mr. Sewell and myself that the value of property in the Ketchum area could vary and that if the combined value of two lots made available to Warm Springs Realty was greater than the amount then due on the promisory [sic] note, this difference in amount would be paid by Warm Springs Realty."

Neilsen also submitted an affidavit by Craig Neilsen. Attached to this affidavit was a copy of a letter from Neilsen's counsel to Sewell's counsel, dated September 9, 1983, a few days before the maturity date of the note. The affidavit explained:

By this letter, I attempted to tender to Mr. Sewell in full satisfaction of the promissory note obligation to Warm Springs Realty, two lots listed for sale at $75,000 each. The lots had been previously appraised by Robert Caliente for approximately $90,000 each. I calculated the amount of principal and interest owed on the promissory note as of September 12, 1983, to be $120,788.25. Because the value of the two lots was greater than the amount then due Warm Springs, I offered to convey the two lots to Mr. Sewell to be valued at $150,000 total in return for a five-year note at 12% interest per annum for the difference between the amount owed on the note of $120,788.25 and the listing price of $150,-000 which would total $29,211.75. The first and only response which I received to this attempted tender of payment of the note was when the Complaint in the above-captioned act [sic] was served upon Neilsen-Monroe, Inc.

No other affidavits, nor any depositions or admissions, were filed with the district court. At the conclusion of arguments on the motion for summary judgment, the court simply ruled from the bench: "I think counsel's motion for summary judgment is well-taken, and it will be granted." A written order to the same effect was entered a few days later, as was a formal judgment in favor of Sewell.

Presumably, consistent with I.R.C.P. 56(c), the district court concluded there was no unresolved genuine issue of material fact and that Sewell was entitled to judgment as a matter of law. However, construing the facts in the light most favorable to Neilsen, we believe there existed a genuine issue of material fact concerning the intent of the parties in respect to the conveyance of lots in satisfaction of the promissory note. It was error for the court to rule as a matter of law in favor of Sewell while that factual issue remained unresolved.

Promissory notes payable in specific articles of property vary in their terms but are generally construed as giving the promisor the option of paying in money or in the specific articles mentioned, even though the promise is not expressly in the alternative. In all cases where the debtor has such option he can exercise that option up to the time when the note becomes due. After the note is overdue it can be paid only in money. [Footnotes omitted.]

11 AM.JUR.2D, BILLS AND NOTES, § 978 at 1027 (1963). *See also* 10 C.J.S., BILLS AND NOTES, §§ 24 and 445 (1938); *Texas & Pac.Ry. Co. v. Marlor,* 123 U.S. 687, 8 S.Ct. 311, 31 L.Ed. 303 (1887); *Nixon v. Heers,* 413 F.2d 544 (9th Cir.1969); *White v. Eddy,* 81 So. 628 (Ala.1919); *Tranter v. Hibberd,* 56 S.W. 169 (Ky.App. 1900); *Smith v. Toler,* 137 So. 620 (La.App. 1931), *amended on rehearing,* 19 La.App. 791, 141 So. 429 (1932); *Programmed Properties Corp. v. McDaniel,* 262 Or. 25, 495 P.2d 1191 (1972); *Meissner v. Ogden, L & I. Ry. Co.,* 65 Utah 1, 233 P. 569 (1924); *Gregory v. Morrow,* 4 Wash.2d 144, 102 P.2d 699 (1940).

■ Neilsen's tender of performance by offering to convey the two lots, submitted by way of counsel's letter of September 9, 1983, comports with I.C. § 9–1501. This statute modifies the common law requirements for a valid tender by providing as follows: "An offer in writing to pay a particular sum of money, or to deliver a written instrument or specific personal property, is, if not accepted, equivalent to the actual production and tender of the money, instrument or property." The letter represents an "offer in writing" to deliver deeds to the lots in question.

■ Of course, questions of timeliness of the tender and whether the tender was conditional or varied from the understanding of the parties cannot be answered until the factual determination is made regarding the true agreement of the parties. On remand these questions should be resolved. Because the summary judgment must be vacated, the order of the district court awarding attorney fees and costs to Sewell must also be set aside.

Case remanded for further proceedings. No attorney fees on appeal; costs to appellant, Neilsen-Monroe, Inc.

SWANSTROM and BURNETT, JJ., concur.