## EUGENE CUENDET v. JOHN LAHMER.

1. ATTACHMENT; *Grounds for Order; Sales by Debtor in Good Faith.*
Where an attachment was issued on the charge of the disposal of
property, with intent to hinder, delay and defraud creditors, and the
facts appeared to be that, the defendant, a jeweler, sold certain prop-
erty, in a common business manner, for $150, which was a fair val-
uation, and the same subsequently placed upon it by the appraisers
in the attachment proceedings; that he mortgaged certain other prop-
erty for $500, and that the entire proceeds of sale and mortgage,
except about fifteen dollars, were used in the payment of debts, and
there is no evidence that the mortgage covered an unreasonable amount
of property, or was unreasonably oppressive and exacting in its terms,
or in any manner different from ordinary mortgages, *held*, that the
ruling of the district court, vacating. and setting aside the attachment,
must be sustained.

2. ———— *Preferring Creditors, in Good Faith.* As a general rule, in
the absence of special statutory restrictions, a debtor in failing circum-
stances, acting in good faith, may lawfully prefer one creditor, even to
the total exclusion of all the others. He may also, in like good faith,
in a reasonable business manner, use his property by mortgage, pledge,
or otherwise, in raising money to pay such creditor.

*Error from Shawnee District Court.*

CUENDET brought suit against *Lahmer* on five promissory
notes given by *L.* to plaintiff, on the 18th November 1873.
Aggregate amount of notes, $749. At the commencement of
the action *Cuendet* sued out an order of attachment, which was
levied on a stock of jeweler's merchandise, shelving, show-
cases, safe, etc. The grounds for the attachment were, "that
said defendant has property subject to execution which he
conceals, and that he has assigned, removed, and disposed of

his property with intent to hinder, delay and defraud his creditors." *Lahmer* moved to discharge the attachment, for the reason that the grounds therefor stated in plaintiff's affidavit were not true, but false in fact. The substance of the affidavits filed to sustain this motion, and counter affidavits to support the attachment, is sufficiently shown in the opinion. The district court, at the October Term 1874, discharged the attachment, and from this order the plaintiff appeals, and brings the case here on error.

*John Guthrie,* and *Geo. S. Brown,* for plaintiff, contended, that the statute distinguishes between an intent to defraud, and an intent to hinder and delay creditors: Laws of 1870, p. 172, § 4. Any act, or any disposition by a debtor of his property, designed and intended to hinder and delay any creditor or creditors, although there be no intent, nor even desire, to get rid of paying the debt or debts, is within the statute. The showing made by defendant was itself sufficient to support the attachment. Honest intentions never relieve a party from the legal consequences of his wrongful acts. The law will presume him to have intended to hinder and delay his creditors, if the disposal actually made by him of his property has that effect — citing *Babcock v. Eckler,* 21 N. Y. 632; *Potter v. McDowell,* 31 Mo. 62; *Pilling v. Post,* 13 Wis. 555. Legal fraud is sufficient: *McKibben v. Martin,* 64 Penn. St. 352; *Wheeldon v. Wilson,* 44 Me. 1; *Enders v. Swayne,* 8 Dana, 103; *Custes v. Settle,* 7 Mo. 452; *Nicholson v. Leavitt,* 6 N. Y. 517; *Reed v. Noxon,* 48 Ill. 323.

*D. C. Metsker,* and *J. D. McFarland,* submitted, that the sales and mortgage made by Lahmer were open and public, and in the usual course of business, before suit brought, and that the proceeds thereof had been honestly applied to the payment of just debts, and that such sale and conveyance were therefore legal, and would not authorize or support an attachment. *O'Riley v. Freel,* 37 How. Prac. R. 272; *Barney v. Scherling,* 40 Miss. 321; 6 N. Y. 517; *Dickinson v. Benham,* 12 Alb. N. Y. Pr. R. 158.

The opinion of the court was delivered by

BREWER, J.: This is a proceeding to review the action of the district court of Shawnee county in vacating an attachment. The principal ground in the affidavit for the attachment was the disposal of property with intent to hinder, delay, and defraud creditors. The truth of this was denied. Upon the affidavits presented there can be no reasonable doubts as to the correctness of the court's ruling in so far as the question of an actual intent to hinder and delay creditors is concerned. While property was disposed of, the proceeds thereof were, with the exception of an inconsiderable sum, all used in the payment of debts. Of the $650 realized from the sale and mortgage, all that plaintiffs' counsel claim is, "that at least fifteen dollars of the money thus realized does not appear to have reached defendant's creditors." The payment of the residue to creditors is clearly traced. There was therefore a preference, rather than a delay or a defrauding of creditors. Indeed, we scarcely think from the argument of the learned counsel for plaintiffs that they expect this court to find from the testimony that there was an actual intent on the part of the defendant to delay or defraud creditors. It is fraud in law, rather than fraud in fact, to which they point, and upon which they rest their case. "The effect of the chattel mortgage was to hinder and delay creditors. The law will conclusively presume that he intended the natural consequences of his act. Therefore he intended to hinder and delay his creditors, and this supports the attachment." The proposition is too broad. The natural effect of an assignment for the benefit of creditors is hindrance and delay. Yet it is not therefore void, and the property subject to attachment. *Case v. Ingersoll*, 7 Kas. 367; *Kayser v. Heavenrich*, 5 Kas. 338. So that the mere fact that the tendency of the act is to work a hindrance or delay, is not absolutely decisive. The right of a debtor to prefer a creditor, and to appropriate a portion or all his property in good faith to the payment of a single debt, cannot be denied, unless there

be, as in the U. S. Bankrupt Act, some special statutory restrictions. So also, the right of a debtor for the same purpose, and in like good faith, to burden his property by mortgage, or to use it by pledge or otherwise in raising money, cannot be questioned. And these propositions are all that are necessary to dispose of this case. The property sold was sold at a fair valuation — the same valuation afterward placed upon it by the appraisers when taken on the attachment. It does not appear that the mortgage was upon an unreasonably large amount of property, or was in any of its provisions out of the ordinary course of business, or unreasonably exacting or oppressive. And the proceeds of both sale and mortgage were appropriated as heretofore indicated.

We see nothing to justify a reversal of the ruling of the district court, and it will be affirmed.

All the Justices concurring.