JOHN C. HAVEMEYER, APPELLEE, V. MARCUS DAHN ET AL.,
APPELLEES, IMPLEADED WITH STORZ & ILER, APPEL-
LANTS.

FILED MAY 19, 1896.   No. 6309.

1. **Homestead: DEED: ACKNOWLEDGMENT.** A conveyance of real estate,
such real estate being the homestead of the grantors, is, unless
acknowledged, absolutely void.

2. **Acknowledgment: DISQUALIFICATION OF OFFICER.** An attorney,
who is a notary public, is not disqualified from taking an ac-
knowledgment of a mortgage made to his client, merely because
he holds for collection the claim secured by such mortgage, it not
appearing that the attorney had any beneficial interest in having
the mortgage made, nor that the amount of his compensation in
any manner depended upon such mortgage being made. *Horbach
v. Tyrrell*, 48 Neb., 514, followed.

APPEAL from the district court of Douglas county.
Heard below before IRVINE, J.

*Lake, Hamilton & Maxwell*, for appellants.

*William H. Crow* and *Joseph Crow*, contra.

RAGAN, C.

John C. Havemeyer brought this suit in equity in the
district court of Douglas county against Marcus Dahn
and Barbara Dahn, his wife, to foreclose a real estate
mortgage. A corporation known as the O. F. Davis
Company and a copartnership known as Storz & Iler
were also made defendants to the action. The latter two
filed cross-petitions, by which they also sought to fore-
close mortgages held by them upon the real estate of
Dahn. By the decree of the district court Havemeyer
and the O. F. Davis Company were given liens upon the
real estate as prayed for in their petition and cross-peti-
tion; but the district court denied the prayer of the
cross-petition of Storz & Iler and dismissed the same and
from this decree they have appealed.

It appears from the special findings of the district court that one Kopald was indebted to Storz & Iler, and as an evidence of this indebtedness he executed to them his note and this note was signed by the appellee, Marcus Dahn, and a note secured by a mortgage upon the homestead of Dahn and wife to Storz & Iler. The notary public who took the acknowledgment of this mortgage was an attorney at law, and the attorney and agent of Storz & Iler for the purpose of collecting the debt owing to them from Kopald, and procured Dahn and his wife, as they alleged, by fraud and false representations, to execute the mortgage. The learned district court was of opinion that because the notary public who took this acknowledgment was the agent and attorney of the mortgagee, he was therefore disqualified to take the acknowledgment, and the mortgage being upon a homestead was void. In *Horbach v. Tyrrell*, 48 Neb., 514, handed down at this sitting of the court, we decided that a notary public was not disqualified from taking an acknowledgment of a mortgage made to a corporation of which he was secretary and treasurer, it not appearing that he was a stockholder in such corporation or otherwise beneficially interested in having the conveyance made. In the case at bar it is not found that the notary and attorney who took the acknowledgment of Dahn and his wife had any beneficial interest in having the mortgage made. It is true that he was agent and attorney for Storz & Iler, but it does not appear that the amount of his compensation in any manner depended upon his procuring this mortgage or collecting the debt which it represented. Following *Horbach v. Tyrrell*, the decree appealed from is reversed and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.

IRVINE, C., not sitting.

RYAN, C., dissents.