No. 33,821

Louise Houska et al., *Appellants*, v. Ed. W. H. Lake and Esther Lake, *Appellees*.

(80 P. 2d 1102)

Opinion filed July 9, 1938.

*Steadman Ball*, of Atchison, for the appellants.

*Hugo Orlopp*, of Atchison, for the appellees.

The opinion of the court was delivered by

Thiele, J.: This was an action to set aside a deed as being in fraud of creditors, and from a judgment for defendants the plaintiffs appeal.

Briefly stated, the petition alleged that plaintiffs had filed their action against the defendant Ed. W. H. Lake, on January 7, 1937, seeking recovery of money, and later had recovered judgment against him, and that execution on the judgment had been returned *nulla bona;* that on January 8, 1937, defendant Ed. W. H. Lake, without consideration and with intent to hinder, delay and defraud his creditors, particularly plaintiffs, and for the purpose of putting his property beyond the reach of his creditors, and particularly any judgment in the action above mentioned, conveyed to his wife certain described real estate in the city of Atchison, and that his wife accepted the conveyance with full knowledge of the intent and purpose of the husband.

By their answer the defendants admitted the judgment against Ed. W. H. Lake, and that execution had been returned *nulla bona*. They alleged further that on September 19, 1913, Ed. W. H. Lake was engaged in the mercantile business and borrowed $5,000 from an Atchison bank, securing his note by a mortgage on their homestead and other adjoining real estate; that the debt was not paid and a new note and mortgage was made in 1924; that defendant Esther Lake, at the request of the lender of the money and without

valuable consideration to her, joined in both notes and mortgages; that Esther Lake owned other real estate in her own right which she sold in 1928; that she had part of an inheritance from her father; that the homestead of the parties was encumbered by the aforesaid mortgage, and foreclosure was due, and on March 7, 1930, Esther Lake paid the mortgage debt in the sum of $5,000 and accrued interest with her own money; that on January 5, 1937, Ed. W. H. Lake, in consideration and part satisfaction of his indebtedness to his wife on account of her payment of the above-mentioned mortgage debt, conveyed to her the real property in question, being the property adjoining the homestead of the parties, the value thereof being about $1,500, and that the conveyance was not made in fraud of creditors nor with intent to defraud, but to discharge his financial obligation to his wife. We need not notice the reply.

The two defendants testified as witnesses for plaintiffs and also in their own behalf. Without going into detail, Ed. W. H. Lake testified to the effect that in 1913 he borrowed $5,000, with real-estate mortgage security, the note and mortgage being renewed and finally paid by Mrs. Lake in 1930. He did not know she had paid the note and mortgage until after the payment was made, and until after the payment there was no agreement she should be reimbursed; that he conveyed the involved real estate with no intention of hindering plaintiffs, but to pay his wife part of the moneys she spent in paying off the $5,000 mortgage. The banker testified that with one exception Mrs. Lake had always paid the mortgage interest, and that Mr. Lake was not present when she paid the principal. He estimated the value of the property covered by the mortgage thus: Value of the homestead, $2,500; "I doubt if the little house (one in controversy herein) would bring that much." Mrs. Lake testified she had paid the interest from moneys received from renting rooms; that her daughter taught school for eighteen years and gave her some money; that her husband had not paid any of the interest and did not furnish any money to pay the principal; that she got some money from her father's estate and sold some real estate belonging to her, and from these sources she paid the mortgage to the bank, and that afterward her husband had told her he would make it good, and that she took the deed without any intent to defraud plaintiffs.

The trial court found in favor of the defendants, and plaintiffs' motion for a new trial being denied, they appeal.

Appellants state the question involved thus: If appellees are to

prevail, it must be on the theory a valid, binding debt existed between Lake and his wife; that the conveyance was for the purpose of making a bona fide payment of this debt and not to hinder, delay and defraud creditors. They then argue that if there was a debt it had its foundation either under the theory of money paid for the use and benefit of another, or under a theory of indemnity of a surety. We may here observe, however, that Mrs. Lake, even though she received no part of the original mortgage moneys, did sign the note and its various renewals, and was liable prima facie to the bank at all times, and whatever may have been the situation between herself and her husband, if foreclosure was instituted, she would be liable to judgment on the mortgage note and her separate property would be subject to execution.

Appellants contend that under the course of dealings whereby the husband borrowed the $5,000 which he personally used, at a time when she signed the note and mortgage at the request of the banker and not at the request of her husband, and subsequently signed renewals under like circumstances, at none of which times was there any contract or agreement that if she paid the debt he would reimburse her, Mrs. Lake was not and could not be a surety.

With respect to the wife's being a surety for her husband, appellants cite *Jenness v. Cutler*, 12 Kan. 500, 517, wherein it was said:

"Now, notwithstanding this present and existing interest of the wife in all the property of the husband, still no one has ever yet supposed that the wife was such a surety for her husband that if a creditor of her husband should, by a valid agreement, extend the time for the payment of her husband's debt, that the creditor would thereby release all her husband's property from the payment of such debt. Even in states where it is necessary for the wife to sign a mortgage of real estate not a homestead in order to bar her interest in such real estate, no one has ever yet supposed that, by such signing, she became such a surety for her husband that she was entitled to all the rights and privileges of other sureties. Indeed, it has never been held in any state that a wife could become a surety, entitled to all the rights and privileges of other sureties, unless she pledged some portion or all of her own separate property." (p. 517.)

Appellants place particular stress on the last sentence. An examination of that case shows the wife there contended she was released from liability on a note and mortgage because the husband alone agreed to an extension of the due date of the note. We do not believe that case is controlling here. Mrs. Lake was a maker of the note and liable on it. When she paid the debt to the bank she was entitled to recover from him his proportionate share if they were

joint makers, or all she paid if she were a surety. And as the evidence shows, the value of the real estate conveyed to her in 1937 being less than $2,500, it makes no difference whether we assume her position one way or the other, for in any event she recovered less than half of the debt she paid.

On the question of whether there was a debt and whether there was a bona fide consideration for the conveyance under attack, our attention is directed to *Bank v. Boatman,* 90 Kan. 666, 136 Pac. 218; *Hardware Co. v. Semke,* 105 Kan. 628, 185 Pac. 732; *Jennings & Sons Tire and Accessory Co. v. Farmer,* 127 Kan. 164, 272 Pac. 167, and *Achorn v. Parker,* 145 Kan. 854, 67 P. 2d 561. While each of these cases involves the general proposition that where a wife advances money to her husband for his individual use, without agreement for its repayment, in which event he will not be permitted as against creditors to convey his property to her in repayment when he becomes insolvent, it is recognized in each case that whether the conveyance was fraudulent or not was a question of fact. And in the Boatman case no relation of debtor and creditor existed; the Semke case is easily distinguishable on the facts; in the Farmer case no consideration was shown, and in the Parker case it was clearly stated the question was largely one of fact.

On the other hand, we have many cases recognizing that where it is shown there was a bona fide relation of debtor and creditor between a husband and his wife, he may pay his debt to her by conveyance of property, even though he is in failing circumstances, and even though the effect of the conveyance is to exhaust his property subject to execution, if the conveyance is made in good faith. Among these cases are: *Kennedy v. Powell,* 34 Kan. 22, 7 Pac. 606; *Brecheisen v. Clark,* 103 Kan. 662, 176 Pac. 137; *Peoples State Bank v. Dierking,* 143 Kan. 617, 56 P. 2d 85; *State Bank of Stella v. Moritz,* 146 Kan. 23, 69 P. 2d 15.

The record before us discloses a situation where such dispute of fact as there was was resolved in favor of the appellees. There is evidence that there was a bona fide indebtedness due from the husband to the wife, and that the property conveyed to her by her husband was worth less than the amount of the debt. On the contrary, there is no evidence that leads necessarily to any conclusion that there was any bad faith between the husband and the wife. Under such circumstances, we cannot say the trial court erred in finding for the defendants.

The judgment of the trial court is affirmed.