No. 33,716

THE BANK OF INMAN, *Appellant*, v. EMMA B. GRAVES et al.,
*Appellees*.

(83 P. 2d 666)

Opinion filed November 5, 1938.

*J. R. Rhoades* and *George R. Lehmberg*, both of McPherson, for the appellant.

*C. L. Foster*, of Sedgwick, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to set aside a deed as being in fraud of creditors, and from an adverse judgment plaintiff appeals, presenting for our consideration three questions: Was the finding of the trial court that there was a bona fide preëxisting indebtedness of the grantor to the grantee supported by the evidence? Was the agreement for future support a valid consideration for the deed in question when the grantor did not retain sufficient property to satisfy her creditors? and, did the trial court err in rendering judgment?

Without reciting the evidence in detail, it appears that appellee, Emma B. Graves, owned a farm of about eighty acres in McPherson county, and a residence property in the town of Inman. In 1922 Mrs. Graves was seriously hurt in an automobile accident, her medical expenses being paid by her daughter. For a time she remained in the daughter's home, where she was taken care of. The income from the farm was not sufficient for Mrs. Graves' needs and her daughter thereafter supplied her with money, fuel, groceries and other supplies. At various times mention was made there should be some agreement for payment, but nothing was done until the conveyance and agreements hereafter mentioned were made. Mrs. Graves had executed a note with her son, Brooks, and another note

with her son, Dwight, both payable to the appellant bank. While these notes were outstanding, and on August 2, 1932, Mrs. Graves entered into a written agreement with her daughter, Mrs. Hartford, whereby she agreed to convey the farm lands to the daughter, in consideration of which the daughter was to furnish her with proper food and clothing and to provide maintenance for her in every way until her death. On the same date the mother executed a general warranty deed conveying the farm to the daughter, the expressed consideration being "One dollar and other valuable considerations." This deed was recorded September 28, 1932. Shortly thereafter the cashier of the bank saw Mrs. Graves and had a conversation with her about conveying the farm, and at that time Mrs. Graves gave him a statement in writing in which she said she had made the conveyance to provide for herself during her lifetime. There was no showing the grantee knew anything about the conversation or the statement. Shortly thereafter the two notes were reduced to judgments of $820.44 and $884.43 and executions being returned unsatisfied, the present suit was filed.

On the trial, evidence was offered concerning the agreement of the mother to pay the daughter, who said her expenditures for her mother were over $1,700. There was evidence the farm was not very productive, and that the value of the residence property was about $3,000 and of the farm was about $4,000. The trial court, on its own motion, not being satisfied whether the residence property was a homestead or not, opened up the trial for further evidence, and thereafter found the residence property was not exempt from execution. A stay of execution for ninety days was allowed (apparently to permit negotiations for a loan), and the cause was allowed to remain open and undecided. Thereafter the residence property was sold on execution, the trial court approving the same only when the sale price was fixed at $1,225. This amount was divided and applied on the judgments. Thereafter some further testimony was received, and later the trial court rendered its written decision reciting some of the facts heretofore detailed. It found that Mrs. Graves did not retain property sufficient to satisfy her creditors. On the question whether there was any consideration for the deed other than the one dollar and the agreement for future support, the court, although not fully crediting the evidence as to amount, found there was a bona fide debt in existence when the deed was made, and that the consideration for the deed was the extinguishment of that debt and the

agreement for future support. It further found it was not the intention of the parties to the deed to defraud the plaintiff. Judgment was rendered for the defendants.

It may be observed that in this class of cases, whether there was a debt, whether there was a bona fide consideration for the conveyance, or whether there was intent to defraud, are largely questions of fact. (See *Houska v. Lake*, 148 Kan. 229, 232, 82 P. 2d 1102, and cases cited.) In discussing whether there was evidence warranting the court in finding there was a preëxisting indebtedness, appellant directs our attention to certain testimony from which it might have been concluded there was no agreement between the mother and the daughter that the latter should be repaid for amounts expended for the former. But that does not settle the matter. The mother and the daughter testified to conversations as to repayment, the first being had in 1922. Whether there was an agreement for repayment was a question of fact. Without further reciting the evidence, we are of opinion that it sustains the trial court's finding.

Appellant argues that an agreement for future support does not constitute a sufficient consideration for a deed where the grantor does not retain sufficient property to satisfy his debts, and directs our attention to authorities so holding. We have before us, however, a case where the consideration consisted not alone in an agreement for future support, but in the satisfaction of an existing indebtedness. Such a situation was before the court in *Farlin v. Sook*, 30 Kan. 401, 1 Pac. 123, to which attention is directed for a statement of the facts, and wherein it was held:

"One who in good faith and for a valuable and sufficient consideration purchases a tract of land, will be protected in such purchase, although the grantor was in debt, and intended by such sale and conveyance to hinder, delay and defraud his creditors." (*Scheble v. Jordan*, 30 Kan. 353, and cases cited; *Diefendorf v. Oliver*, 8 Kan. 365; *Cuendet v. Lahmer*, 16 Kan. 527; *Avery v. Eastes*, 18 Kan. 505; *Dodd, Brown & Co. v. Hills & Kramer*, 21 Kan. 707; *Frankhouser v. Ellett*, 22 Kan. 127, 148; *Randall v. Shaw*, 28 Kan. 419; *Tootle, Hosea & Co. v. Coldwell*, 30 Kan. 125, 134; *Bailey v. Mfg. Co.*, 32 Kan. 73, 79; *Doggett v. Bell*, 32 Kan. 298, 301.)

"This rule obtains, even where a part of the consideration is an agreement to support the grantor in the future.

"In such a case, the creditors may treat the agreement to support as a mere debt to the grantor, and hold the grantee for the excess of the value of the land over the consideration actually paid and discharged." (Syl. ¶¶ 2, 3, 4.)

In the present case, the trial court, in its opinion, stated that although witnesses had placed the value of the residence at from $2,-

750 to $3,000, on hearing of the motion to confirm the foreclosure sale the value had been fixed by the court at $1,250 and that the value had not changed from the time the deed in question was made, and it concluded the grantor had not retained sufficient property to satisfy her creditors. We might question whether a value so fixed is at all conclusive. But whether it was or not, although there was evidence the farm conveyed was worth $4,000, there was no finding as to its value. For aught the record shows, the court may not have put any more credence in the testimony the farm was worth $4,000 than it did the residence was worth $3,000. There was evidence that at times the farm produced "hardly enough to pay the taxes," and that the income was not sufficient to support the mother. The record being otherwise silent, the general judgment in favor of the defendants may well include a finding that the value of the farm did not substantially exceed the amount of the existing debt from the mother to the daughter. In connection with its contention that the value of the farm exceeded the debt paid and should be invalidated as to the excess, appellant directs our attention to various authorities. It seems useless to discuss them when the state of the record does not show their applicability.

Nor need we devote much time to the question of good faith. The trial court found there was no intention to defraud. The evidence showed that at the time the mother had the deed prepared and executed, and delivered to the daughter, the daughter did not know the mother was obligated to the appellant bank, and did not discover it until the bank filed suit to recover on the notes. There was no evidence to the contrary, nor any evidence that compelled any inference to the contrary.

As indicated heretofore, the question whether there was a bona fide debt, the payment of which constituted a sufficient consideration, whether the value of the lands conveyed was substantially in excess of the debt, and whether there was intent to defraud, were largely questions of fact. Those questions, by the judgment of the trial court, have all been resolved in favor of the defendants.

The judgment of the trial court is affirmed.