No. 36,492

D. H. GISH, *Appellee,* v. F. H. UNRUH, OLGA UNRUH and
JUSTINA UNRUH, *Appellants.*
GEORGE W. CORFMAN, *Appellee,* v. F. H. UNRUH, OLGA UNRUH
and JUSTINA UNRUH, *Appellants.*

(165 P. 2d 417)

Opinion
filed January 26, 1946.

*Tom Harley, Jr.,* of Wichita, argued the cause and *Tom Harley,* of Wichita, was on the briefs for the appellants.

*Archie T. MacDonald, Russ B. Anderson,* both of McPherson, and *N. J. Ward* of Belleville, were on the briefs for the appellees.

The opinion of the court was delivered by

HOCH, J.: This was an action to set aside a deed on the ground that it was given for the purpose of defrauding creditors. The plaintiffs prevailed and the defendants appeal.

David P. Unruh, a resident of Marion county, died intestate on October 22, 1941, his heirs being his wife, Justina Unruh, and five children, F. H. Unruh, Bertha Unruh, Albert Unruh, Gus A. Unruh and Emma Unruh. Included in the property which he owned at the time of his death was some real estate in McPherson and Marion counties. On November 1, 1941, F. H. Unruh, one of the sons, and his wife executed a deed conveying his one-tenth interest in the real estate to his mother. This deed was recorded on December 18, 1941. On December 31, 1942, D. H. Gish secured a judgment

in Sedgwick county for $4,337.60 against F. H. Unruh on a promissory note for $3,600, interest from June 8, 1940 being included in the judgment. On January 12, 1942, George W. Corfman also secured a judgment against F. H. Unruh on a promissory note, the judgment being for $540.75. Sometime thereafter—the record here not being clear as to dates—actions by the judgment holders were brought in McPherson and Marion counties to set aside the deed of F. H. Unruh to his mother on the ground that it was given to defraud creditors. The actions were consolidated in the court below. F. H. Unruh having been adjudged a bankrupt the trustee in bankruptcy was substituted for Gish as party plaintiff but thereafter Gish purchased the assets of the bankrupt estate and was again made plaintiff in the action.

As to the pleadings it is sufficient to say that they clearly raised the issue as to the intent of F. H. Unruh when, soon after his father's death, he deeded his interest in the land to his mother. At the trial there was admitted, under stipulation, the transcript of the evidence taken in Sedgwick county in a proceeding in aid of execution of the Corfman judgment, above noted. At the conclusion of plaintiffs' evidence the defendants demurred to the evidence. After taking the case under advisement the court made a finding that the deed had been made in fraud of creditors, entered judgment setting it aside, and ordered the one-tenth interest in the real estate belonging to F. H. Unruh sold as upon execution to satisfy the Gish and Corfman judgments. This appeal followed. Appellants' principal contention is that under the facts as shown the deed was good as against the grantor's creditors.

Before considering the case upon its merits, we note the motion of appellees to dismiss the appeal on the ground that no transcript of the evidence was filed. As heretofore noted, a transcript of the evidence taken in the proceedings in aid of execution was admitted in this action. Its accuracy is not questioned and in their briefs both sides refer to the evidence as abstracted from it. In view of the narrow issue presented by the appeal we find the transcript sufficient to justify consideration on the merits.

In an action of this sort the question of whether there was fraudulent intent is generally a question of fact and a finding will not be disturbed if supported by competent, substantial evidence. (27 C. J. 503 *et seq*; 24 Am. Jur. 344 § 227; *Bank of Inman v. Graves,* 148 Kan. 468, 83 P. 2d 666; *Houska v. Lake,* 148 Kan. 229, 80 P.

2d 1102; *Achorn v. Parker*, 145 Kan. 854, 858, 67 P. 2d 561.) Another rule, here pertinent, is that on an issue of this sort conveyances between members of a family are properly subjected to strict scrutiny. (*Stephenson v. Wilson*, 147 Kan. 261, 265, 76 P. 2d 810 and cases there cited.)

Appellants having elected to offer no evidence, but to stand upon their demurrer, we are only interested in determining whether there was substantial evidence to support the finding that the deed was given to defraud the grantor's creditors. It is not our function to weigh the evidence and determine whether the trier of the facts might reasonably have reached a different conclusion.

We note, accordingly, some of the facts which tend to support the finding. The deed was given by appellant a few days after his father's death. It is not contended that it was supported by any money or other consideration moving from the grantee. It is admitted that at the time the deed was given the grantor was insolvent. Insolvency at such a time is an important factor to be considered in determining intent. (*Dodson v. Cooper*, 50 Kan. 680, 32 Pac. 370.) Appellant contends that consideration for the deed was to be found in a mutual agreement entered into by him and his four brothers and sisters that they would all convey their interest in the real estate to their mother in order to carry out what—it is asserted—was the desire of their father. But appellant executed his deed on November 1, 1941, a few days after his father's death, and the other children—who later signed a separate deed, prepared by F. H. Unruh, conveying their interests to their mother—did not sign their deed until after the proceedings in aid of execution, above referred to, which were had in March, 1942. There was testimony that some at least of the brothers and sisters, when they signed their deed, knew that their brother, F. H. Unruh, was in financial difficulty of some sort. It further appears that the deed signed by the four children was delivered to Albert, who had been named administrator of his father's estate, but he did not deliver it to his mother, but testified that following advice of his lawyer he decided not to deliver it until after the probate proceedings were closed. In the final settlement of the father's estate the court found that a one-half interest in the real estate was vested in the widow and a one-tenth interest in each of the five children. No appeal was taken from that determination. This was long after the deed in question was executed. The voluntary petition in bankruptcy later filed by

appellant listed debts—largely on notes executed several years prior to the execution of the deed here in issue—aggregating about $65,000 and assets of $1,360 all but $90 of which was exempt. Other testimony might be set out, but this is sufficient.

There is no need on this record to consider the question of presumptions as to intent in cases of this sort. We cannot say that there was no substantial evidence to support the finding and judgment of the trial court and the judgment must therefore be affirmed. It is so ordered.