270 P.2d 1012

**JOHNSON et ux.  v.  CASPER et ux.**

**No. 8114.**

Supreme Court of Idaho.

May 15, 1954.

Grant L. Young, Rigby, Albaugh, Bloem, Barnard & Smith, Idaho Falls, for respondents.

A. A. Merrill, Idaho Falls, for appellants.

GIVENS, Justice.

March 1, 1949 Myrtle G. Robinson, a widow, as owner deeded the SW¼ of Section 30, Tp. 5 North, Range 37 East Boise Meridian, in Jefferson County, to appellant, Mrs. Johnson. The land thereby became the community property of Mrs. Johnson and her husband, appellant S. T. Johnson, who, as Notary Public, took Mrs. Robinson's acknowledgment. This deed was not recorded until May 11, 1951.

March 14, 1951 Austin F. Whitmer obtained a judgment against Mrs. Robinson for leveling other land belonging to her, recorded March 20, 1951. Appellants Johnson sold the property by written contract to Ivan L. Tanner December 12, 1951. The above judgment was sold and assigned to respondents January 15, 1953.

While the record is not clear, apparently an execution on the judgment was levied on the property February 5, 1953, recorded February 9, 1953.

February 17, 1953 appellants filed suit to quiet title, as against respondents. Judgment for respondents was rendered January 29, 1954 on Conclusion No. III:

"That S. T. Johnson had a beneficial interest in such conveyance and by reason of such beneficial and financial interest said S. T. Johnson was disqualified from taking the acknowledgement of the grantor, Myrtle G. Robinson, to such conveyance; that such acknowledgement by said S. T. Johnson was and is null and void and of no force or effect; that such conveyance was not otherwise acknowledged by said grantor; that such instrument of conveyance was not and is not entitled to record and the attempting recording thereof was and is of no force or effect, and that, as against good faith purchasers and encumbrancers of said real property, the legal title to said real estate still stands of record in the name of said Myrtle G. Robinson on the records of said Jefferson County, Idaho."

Hence this appeal.

Appellant S. T. Johnson testified without contradiction, as follows:

"Q. Did there come a time in the fall of Nineteen hundred and fifty-one when Mr. Casper and Mr. Whitmer both came to your office for the purpose of ascertaining whether or not you owned any interest in this property? A. They did.

"Q. And what—was there a conversation at that time? A. They asked me about—* * *

"Q. No, was there a conversation, was there a conversation at that time? A. Yes.

"Q. And where was that conversation? A. In my office.

"Q. And who were present? A. Myself and the two men.

"Q. And state the conversation. A. They asked me about the deal, and so on, and I told them that I had purchased it in Forty-nine, March first, Forty-nine, and that I had nothing to do with this transaction.

"Q. Did you tell them at that time that you had fully paid for the property? A. I did."
Pursuant thereto, the court found:

"VI

"That late in the fall of 1951 Casper and Whitmer came to Johnson's office at Idaho Falls, Idaho, and he told them he had purchased the land in question by deed on March 1, 1949."

"VII

"That at the time of the docketing of said Judgment, March 20, 1951, said Austin Whitmer had no actual knowledge of any unrecorded conveyance by said Myrtle G. Robinson of her title and interest in said real property."

■ The acknowledgment of Mrs. Robinson's execution of the deed to appellant S. T. Johnson, as held by the learned trial court, was invalid and the deed was not entitled to be recorded and gave no constructive notice to anyone. Ramsey v. California Packing Corporation, 51 Cal.App. 517, 201 P. 481, at 484; Musselshell Valley Farming & Livestock Co. v. Cooley, 86 Mont. 276, 283 P. 213; 1 C.J.S., Acknowledgments, § 53 C, note 51, p. 823; 1 Am.Jur. 335-6, § 53; Havemeyer v. Dahn, 48 Neb. 536, 67 N.W. 489, 33 L.R.A. 332.

Under Section 55-606, Idaho Code,[1] the deed above mentioned was valid as between Mrs. Robinson and the Johnsons.

Respondents contend this Section makes the judgment as an encumbrance superior, because the judgment was recorded prior to the deed.

■ Section 55-606, I.C., was taken from 1887 Rev.Stat. § 2929 and is identical with Section 1107, California Civil Code. Hoag v. Howard, 55 Cal. 564, in 1880 construing this Section together with Section 1158, Cal.Civil Code, likewise taken by us

1. "Every grant or conveyance of an estate in real property is conclusive against the grantor, also against every one subsequently claiming under him, except a purchaser or encumbrancer, who in good faith, and for a valuable consideration, acquires a title or lien by an instrument that is first duly recorded." Section 55-606, Idaho Code.

in 1887, Rev.Stat. § 2990, now Section 55–801, I.C., held that a judgment is not, within the meaning of Section 1107, Cal.Civ. Code, an instrument and, therefore, as between a prior unrecorded deed and a judgment, the deed prevails. The construction of this Section has been adhered to consistently in California. Ward v. Waterman, 85 Cal. 488, 24 P. 930 (2d case); Wolfe v. Langford, 14 Cal.App. 359, 112 P. 203; People v. Fraser, 23 Cal.App. 82, 137 P. 276 (2d case); Iknoian v. Winter, 94 Cal. App. 223, 270 P. 999, at page 1000; Davis v. Perry, 120 Cal.App. 670, 8 P.2d 514.

Being adopted by us in 1887 after such construction of the statute in California in 1880, under the well known rule of statutory construction, it will be deemed our Legislature adopted it with the construction thus placed upon it by California at the time of its adoption by us. Griffiths v. Montandon, 4 Idaho 377, 39 P. 548; Stein v. Morrison, 9 Idaho 426, 75 P. 246; Merchants' Protective Ass'n v. Jacobsen, 22 Idaho 636, 127 P. 315; Mundell v. Swedlund, 58 Idaho 209, 71 P.2d 434; Services, Inc. v. Neill, 73 Idaho 330, 252 P.2d 190; though such construction is not conclusive, Mochel v. Cleveland, 51 Idaho 468, 5 P.2d 549; Hanson v. Rogers, 54 Idaho 360, 32 P.2d 126; State v. Taylor, 59 Idaho 724, 87 P.2d 454; Allan v. Oregon Short Line R. Co., 60 Idaho 267, 90 P.2d 707; Bishop v. Morrison-Knudsen Co., 64 Idaho 806, 137 P.2d 963; Simons v. Davenport, 66 Idaho 400, 160 P.2d 464.

The construction of this statute, thus announced and followed, is reasonable, Gallafent v. Tucker, 48 Idaho 240, 281 P. 375; Caldwell v. Thiessen, 60 Idaho 515, 92 P.2d 1047; Chatterton v. Luker, 66 Idaho 242, 158 P.2d 809, and no reason is advanced why it should not be adhered to by us. Therefore, Section 55–606, I.C., does not avail respondents and the deed, though unrecorded, prevails over the judgment. Boye v. Boerner, 38 Cal.App.2d 567, 101 P.2d 757, at page 759; Holman v. Toten, 54 Cal.App.2d 309, 128 P.2d 808.

Respondents cite, among other authorities, Section 4307, *Priority of judgment liens and attachments under registry laws,* Vol. 8 of Thompson on Real Property, Permanent Ed. 1940, and likewise a number of cases cited therein. The first paragraph of this Section states:

"Under the registry laws of many states, it is held that the lien of a judgment or attachment is superior to an unrecorded deed or mortgage, or to a recorded deed or mortgage which is defectively executed, in the absence of actual notice of the mortgage on the part of the judgment or attaching creditor, or of the execution purchaser." p. 100

and then considers exceptions based on different underlying statutes.

The preceding Section, No. 4305, *Preference of unrecorded conveyance over subsequent judgment,* is more in point, because,

while the deed herein was physically recorded, it was not validly acknowledged, hence not entitled to be recorded and in law was not recorded and imported notice to no one.

Both sections note a variety of statutes and consequent divergent holdings with regard to the relative priority of a judgment and a prior unrecorded deed.

■ The statement in 49 C.J.S., Judgments, § 485a(2), p. 929, accurately epitomizes the deducible conclusion:

"In the absence of a statute to the contrary a judgment lien is subordinate to prior conveyances and encumbrances even where these are not recorded; * * *."

The last phrase in Section 1214, California Civil Code, as follows:

"* * *, and as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action." (Emphasis supplied.)

is not in Section 55–812, Idaho Code.[2]

■ It would serve no useful purpose to analyze or reconcile or distinguish the cases cited in the above texts and others, which might be found upon further search.

It suffices to consider that our Legislature meant something by leaving out the portion of the California statute, which likewise appears in the statutes of other states; consequently, we believe the above quotation from Corpus Juris, which is sustained by the cases there cited on different concepts—which we need not particularize—and recognizing the numerous distinctions based upon the different wordings in the various statutes of the various states, reflected in and the bases for the different decisions, is a correct interpretation of the effect of Section 55–812, Idaho Code, namely, that an unrecorded deed is not void as to subsequent judgments because the Legislature left such provision out, Girard v. Defenbach, 61 Idaho 702, 106 P.2d 1010; Walker v. Wedgwood, 64 Idaho 285, 130 P.2d 856; and therefore, respondents' judgment is inferior to appellants' deed. 45 Am.Jur. 513, § 152–4.

■ At the time of the assignment of the judgment and levy thereon, respondents had actual notice of Johnsons' deed. We have heretofore held that only the interest of the judgment debtor in the property levied on can be sold at execution sale. Mountain Home Lumber Co. v. Swartwout, 30 Idaho 559, 166 P. 271; Moore v. Boise Land & Orchard Co., Ltd., 31 Idaho 390, 173 P. 117; Rexburg Lum-

2. "Unrecorded conveyance void against subsequent purchasers.—Every conveyance of real property other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded." Section 55–812, I.C.

262

ber Co. v. Purrington, 62 Idaho 461, at page 468, 113 P.2d 511.

Respondents having notice that the property levied on did not in fact belong to the judgment debtor, could not have it sold.

We are not considering the rights or equities of an execution purchaser.

Appellants' deed, therefore, prevailing as against respondents' judgment, the judgment herein is reversed and the cause remanded with instructions to quiet title in appellants as against the Whitmer judgment assigned to respondents Casper.

Costs to appellants.

PORTER, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.