707 P.2d 472

**Donald A. DUSTIN, Plaintiff-Appellant,**

v.

**UNION PACIFIC RAILROAD COMPANY, a corporation, Defendant-Respondent.**

**No. 15731.**

Court of Appeals of Idaho.

Sept. 18, 1985.

Larry M. Boyle and Michael R. Orme of Hansen, Boyle, Beard & Martin, Idaho Falls, Douglas S. Querin of Bricker, Zakovics & Querin, Portland, Or., for plaintiff-appellant.

Ron Kerl and Steven Richert of Green, Service, Gasser & Kerl, Pocatello for defendant-respondent.

SWANSTROM, Judge.

This appeal comes to us from the granting of a summary judgment in favor of the defendant, Union Pacific Railroad. The plaintiff, Donald Dustin, brought suit under the Federal Employer's Liability Act, 45 U.S.C.A. § 51 et seq. (FELA) to recover for back and knee injuries sustained during his employment with Union Pacific. The railroad moved for summary judgment based on a release of claims signed by Dustin. Dustin asserted the release was void for mutual mistake of fact. The district court found that there was insufficient evidence to support Dustin's mutual mistake theory and entered summary judg-

ment. Dustin appeals this ruling, arguing that there was sufficient evidence of mutual mistake to raise a genuine issue of material fact which should be decided by a jury. We agree, and vacate the summary judgment.

Actions pursued under FELA are governed by federal law which recognizes mutual mistake as a ground to void a release. *Taylor v. Chesapeake & Ohio Ry.*, 518 F.2d 536 (4th Cir.1975). To be sufficient to set aside a release, a mutual mistake must relate to then-existing facts concerning the nature of the injury. *Loose v. Consolidated Rail Corp.*, 534 F.Supp. 206 (1982). When settlement is reached without reference to a then-existing physical condition, unknown by either party, the settlement is not binding in regard to the unknown injury. *Graham v. Atchison T. & S.F. Ry. Co.*, 176 F.2d 819 (9th Cir.1949). However, mutual mistake concerning the extent and outcome of known injuries, being a mistake of future facts, is not sufficient to void a release. *Loose v. Consolidated Rail Corp., supra.* Whether a release is based on mutual mistake presents a fact question. *Taylor v. Chesapeake & Ohio Ry., supra; Graham v. Atchison T. & S.F. Ry. Co., supra.*

■ When FELA cases are brought in state court state procedural rules apply, unless federally created substantive rights are obstructed. *Smith v. Chicago, Rock Island and Pacific Railroad Co.*, 525 P.2d 1404 (Okl.App.1974); *Rodriguez v. Denver and Rio Grande Western Railroad Co.*, 32 Colo.App. 378, 512 P.2d 652 (1973). In this case application of Idaho's summary judgment rule, I.R.C.P. 56, yields the same result as does utilization of the federal rule, F.R.C.P. 56. The general standard under either rule is that the moving party, as a matter of law, is entitled to summary judgment only if the pleadings, depositions, admissions and affidavits of the parties make it clear that there exists no genuine issue of material fact. The facts must be construed in the light most favorable to the nonmoving party, who is also to be given the benefit of any favorable inferences which may be reasonably drawn from those facts. *Taylor v. Chesapeake and Ohio Ry. Co., supra; Anderson v. Ethington,* 103 Idaho 658, 651 P.2d 923 (1982); *Huyck v. Hecla Min. Co.*, 101 Idaho 299, 612 P.2d 142 (1980). *But see Riverside Development Co. v. Ritchie,* 103 Idaho 515, 650 P.2d 657 (1982) (narrow exception to general rule—not applicable here—allowing inferences to be construed against nonmoving party).

■ Dustin injured his back and later his knee in the course of his employment. This appeal involves only the back injury. On December 10, 1979, Dustin fell while repairing a boxcar floor. Three days later Dr. Ottman diagnosed his injury as back strain with muscle spasm effecting him from "T-4 to the upper lumbar area." The doctor opined that Dustin's disability would be for one day, then light duty for ten days. Dr. Ottman saw Dustin again on December 27 and the diagnosis remained the same. On January 7, 1980 Dustin and Union Pacific's claim representative, E.T. Frovick signed the release which provided:

In consideration of the payment to me of the sum of Six Hundred Dollars ($600.00) by Union Pacific Railroad Company receipt whereof is hereby acknowledged, I do hereby release and discharge Union Pacific Railroad Company and all other parties whomsoever, from any and all claims and liability of every kind or nature, INCLUDING CLAIMS FOR INJURIES, IF ANY WHICH ARE UNKNOWN TO ME AT THE PRESENT TIME, arising out of an accident on or about December 10, 1979, at or near Pocatello, Idaho.

The above payment is made and accepted in compromise settlement of disputed claims and is not an admission of liability.

Frovick then informed his supervisor that, "[t]his employee sustained a back strain with muscle spasm and was disabled from December 11 through December 13, and from December 20 through 27, 1979.... Made settlement of this claim at Pocatello today, securing Release of All Claims."

Thereafter, Dustin continued to suffer intermittent back problems and in 1982 went to a neurosurgical specialist, Dr. James Lansche, who diagnosed a ruptured intervertebral disc at the L5–S1 level. On May 28, 1982 Dustin underwent a complete lumbar laminectomy with excision of the L5–S1 disc. Dr. Lansche gave Dustin a disability rating of twenty-five percent of the whole man and placed him on a permanent ten pound lifting restriction. Dr. Lansche reported that, "Mr. Dustin's problems began with the fall [in the boxcar] and culminated in the difficulties requiring medical treatment and surgery which I carried out for him."

The district court granted summary judgment on the basis that mutual mistake had not been shown, that any mistake was unilateral. However, construed in the light most favorable to Dustin, it is reasonable to infer that both Dustin and the railroad entered the release believing Dr. Ottman's diagnosis of back strain. It is also possible to infer that had it been known that Dustin sustained a ruptured disc, a settlement for such a modest sum would not have been made. We hold that Dustin presented sufficient evidence of mutual mistake of fact to preclude the granting of summary judgment.

Union Pacific has argued below that the disc injury was not causally related to the fall. To support this claim the railroad pointed out that Dr. Ottman diagnosed injuries to a different part of the back than that operated on by Dr. Lansche, and that Dustin had experienced prior back problems. These arguments may ultimately prevail, but when set against the affidavit and exhibits contained in Dustin's memorandum in opposition to summary judgment, it is obvious that the question of causation remains. This question is a material question of fact, as is the question of mutual mistake, and is for the jury to determine.

Summary judgment is vacated and the case is remanded to the district court.

Costs to appellant. No attorney fees awarded.

WALTERS, C.J., and BURNETT, J., concur.