757 P.2d 1250

**SIEGEL MOBILE HOME GROUP, INC., a Utah corporation, d/b/a Siegel Financial Services, Plaintiff-Appellant,**

v.

**Reed J. BOWEN, Patricia J. Bowen, his wife, but otherwise his wife whose true name and identity are unknown; Beverly R. Bowen, a/k/a Beverly Rae Bowen, Defendants-Respondents.**

**No. 16881.**

Court of Appeals of Idaho.

July 8, 1988.

John Ohman of Cox & Ohman, Idaho Falls for appellant, Siegel Mobile Home Group.

Steven A. Gardner, Idaho Falls for respondent, Beverly R. Bowen.

Reed J. Bowen, pro se, did not appear in the appellate proceedings.

SWANSTROM, Judge.

Siegel Mobile Home Group, Inc., a judgment creditor of Reed Bowen, brought this action to quiet title to a residence property once owned by Reed. In the district court the question was whether Reed's conveyance of his property to his former wife, Beverly, had put it beyond the reach of Siegel's judgment lien. Siegel alleged that the conveyance was fraudulent. The district court held that Reed had made a valid conveyance of the residence to Beverly. The court granted Beverly's motion for summary judgment. Siegel appeals, contending that there was a genuine issue of material fact concerning Reed's intent in making the conveyance. For reasons which follow, we affirm.

In 1979, after dissolution of the marriage between Reed and Beverly Bowen, Beverly moved to set aside the property portion of the divorce decree pursuant to I.R.C.P. 60(b). She alleged that Reed had misrepresented the extent of community property during the divorce proceedings and that she had not received a fair division. The motion was granted. This resulted in a stipulation of final settlement which was filed on December 10, 1981. The day prior, Reed executed a deed conveying a residence property to Beverly. This deed was dated December 9, 1981, but was neither acknowledged nor recorded. The signing of the deed was witnessed by a third party and the deed was placed by Beverly in her safety deposit box.

Affidavits later filed by Reed and Beverly, in the present action, revealed that the residence was conveyed to Beverly as consideration for a settlement of the property dispute between the couple. The stipulation allowed Reed to continue living in the residence under a lease back arrangement until he completed a rehabilitation program.

In March 1982, Siegel filed suit against Reed Bowen to collect a debt. A few days later, on March 29, Reed made a second conveyance of the residence he occupied. Reed made this conveyance to his brother, Grant, without the knowledge of either Grant or Beverly. Reed's affidavit states that he conveyed the residence to Grant in an effort to cloud the title to the property in order to protect it for his children's use. Reed stated his concern was that Beverly's second husband's financial and legal troubles would cause the eventual loss of the property.

In April, Siegel was awarded a judgment against Reed in the amount of $140,188. This judgment was recorded in May. When Siegel attempted to execute on the judgment against Reed's property in December, the execution was returned unsatisfied. Siegel then filed suit against Reed and Grant to set aside the March 1982 conveyance as fraudulent. In January 1984, Siegel filed a lis pendens in that action specifically describing the residence property. At this time the deed for the residence from Reed to Beverly, dated December 9, 1981, had not been recorded. However, on July 26, 1984, Beverly had the deed recorded even though it lacked an acknowledgment. The recording, according to Beverly, was done at the direction of Reed. Four days later, on July 30, the deed from Reed to Grant for the same property was held by the district court to be a fraudulent conveyance and was set aside. In November, Siegel caused a notice of levy upon Reed's interest in the property to be issued and recorded in Siegel's suit against Reed.

Reed made a third conveyance of the property in December when he gave a duly acknowledged warranty deed to Beverly. Reed contends this transfer was an effort to cure the defective acknowledgment of the first deed. The recording date of this deed was January 2, 1985. Also on this date Beverly filed a homestead declaration, as well as filing a Chapter 13 bankruptcy. The stay from the bankruptcy was released

in March. In April Siegel purchased the property at the sheriff's sale. Title was conveyed to Siegel in October after the redemption period expired. Siegel then filed this suit to quiet title to the property.

In the course of these proceedings, both parties moved for summary judgment. Siegel argued that no valid claim superior to its judgment existed because a deed transferring the property was not properly recorded until January 1985, after the date of the judgment. The district court denied Siegel's motion, finding that the first conveyance from Reed to Beverly was adequate to convey Reed's interest in the property to her, and that between a prior unrecorded deed and a subsequent, recorded judgment, the deed prevails.

This holding was based on the Idaho Supreme Court's decision in *Johnson v. Casper*, 75 Idaho 256, 270 P.2d 1012 (1954), construing the effect of I.C. § 55–606. That section provides:

> Every grant or conveyance of an estate in real property is conclusive against the grantor, also against everyone subsequently claiming under him, except a purchaser or encumbrancer, who in good faith, and for a valuable consideration, acquires a title or lien by an instrument that is first duly recorded.

In *Johnson* the Idaho Supreme Court found that I.C. § 55–606 was adopted from California statutes. Adopted statutes are presumed to carry the prior construction given them by the courts of the jurisdiction from which they are taken. California courts had held that a judgment is not an "instrument." Under the California statute, a prior unrecorded deed would prevail over a subsequent, recorded judgment. *Johnson* adopted this view.

Thus, applying the *Johnson* decision to the case at bar, Beverly's unrecorded deed prevails even though Siegel's judgment was recorded first, because the judgment is not an "instrument" under I.C. § 55–606. The district court also noted that, as in *Johnson*, the Bowens' deed was

an "invalid" deed—one not acknowledged and not recorded. That deed was, however, still valid as between the parties and took priority over Siegel's judgment.

Here, the district court denied the Bowens' first motion for summary judgment. The court held that there was a material issue of fact concerning Reed's intent in conveying the property. The district court based its decision upon the record of the irregularities in the multiple conveyances of the property.

After filing additional affidavits, the Bowens again moved for summary judgment, successfully this time. Siegel appeals, contending that the question of Reed's intent is an issue of material fact which precludes summary judgment. Both parties seek attorney fees on appeal.

In granting summary judgment to the Bowens, the district court noted that, although Siegel alleged the December 1981 conveyance was fraudulent, there was nothing in the record to refute execution and delivery of the deed on that date. No evidence controverting the intent of Reed in conveying the property had been presented by Siegel. Thus, no issue of material fact was raised as to the parties' intent with respect to the December 1981 transfer. The sole issue presented to the district court was the issue of law as to the legal effect of the first deed. This issue was resolved by the *Johnson* precedent under which the Bowens were then entitled to judgment as a matter of law. We are in agreement with the reasoning of the district court.

Summary judgment should be granted when the pleadings, depositions, and admissions, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The facts are to be liberally construed in favor of the party opposing the motion, who is also to be given the benefit of all favorable inferences which might be reasonably drawn from the evidence. *Huyck v. Hecla Mining Co.*, 101 Idaho 299, 612 P.2d 142 (1980); *Dustin v. Union Pacific Railroad Company*, 109 Idaho 361, 707 P.2d 472 (Ct.App.1985). If a record contains conflicting inferences or if reasonable minds might reach different conclusions, summary judgment must be denied. *Reis v. Cox*, 104 Idaho 434, 660 P.2d 46 (1983); *Sewell v. Neilsen, Monroe, Inc.*, 109 Idaho 192, 706 P.2d 81 (Ct.App.1985). On appeal, the scope of our review is limited to determining whether there exists genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *Grow-Mor, Inc. v. Butts*, 109 Idaho 1020, 712 P.2d 721 (Ct.App.1985).

 Siegel argues that Reed's intent in conveying the property is at question, that the transfer could have been made with the motive to defraud Siegel. The purpose of the conveyance is a question of intent. *Lingenfelter v. Eby*, 68 Idaho 134, 190 P.2d 130 (1948). A fraudulent intent may be imputed by the conditions and circumstances of the transfer. *California Consolidated Mining Co. v. Manley*, 10 Idaho 786, 81 P. 50 (1905). Siegel asserts that a fraudulent intent, or lack of real intent to transfer the property, is shown by the evidence presented. This includes the lack of an acknowledgment on the first deed to Beverly, the subsequent multiple conveyances of the property, and the coincidence of the timing of these transfers and the judgment of the pending case against Reed. To Siegel these facts create a showing from which conflicting inferences of Reed's intent could be drawn. In addition, the question of fraudulent intent is one of fact and should be for the determination of the jury. I.C. § 55–908; *see also Gish v. Unruh*, 160 Kan. 757, 165 P.2d 417 (1946); 37 AM.JUR.2D *Fraudulent Conveyances* § 229 at 884 (1968).

However, Siegel has failed to actually demonstrate conflicting inferences from the evidence. "A motion for summary judgment must be denied *if the evidence* is such that conflicting inferences can be drawn therefrom." *Lundy v. Hazen*, 90 Idaho 323, 326, 411 P.2d 768, 770 (1966)

(emphasis added). Siegel has made no showing that evidence exists to create such conflicting inferences. Siegel's allegation that a fraudulent intent existed is an unsubstantiated conclusion. The evidence in the record establishes that Reed made, signed and delivered the first deed to Beverly on December 9, 1981. The affidavits given by the Bowens, as well as the records in the divorce action, establish the stated purpose of this deed as a settlement of the Bowens' property dispute arising from their earlier divorce.

The conclusions of Siegel that fraudulent intent exists do not refute the evidence presented by the Bowens' affidavits. Siegel's explanations of the subsequent transfers are not supported by evidence in the record. A party opposing a motion for summary judgment must in some form present proof by admissible evidence to establish a genuine dispute as to a material fact.

■ Siegel also contends that summary judgment is improper when the supporting evidence offered by the Bowens is based primarily on the parties' own affidavits. We acknowledge Siegel's view of the self-serving nature of the affidavits. These affidavits, however, remain unrefuted. Moreover, there is independent evidence in the record to corroborate the affidavits. Allegations made in pleadings and briefs will not themselves create a genuine issue of fact when opposed by uncontradicted affidavits supporting a motion for summary judgment. *Farmers Insurance Co., Inc. v. Schiller*, 226 Kan. 155, 597 P.2d 238 (1979).

Based upon the failure to show facts disputing the evidence put forward by the Bowens, the district court granted summary judgment against Siegel. We affirm the summary judgment on this basis.

■ Neither party has presented a sufficient showing of entitlement to attorney fees on appeal under I.A.R. 41(a). We are not left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). We therefore decline to award attorney fees to either party on appeal. Costs to respondent, Beverly R. Bowen.

WALTERS, C.J., and McFADDEN, J., Pro Tem., concur.